STATE OF NEBRASKA, APPELLEE, v. CURTIS D. MORROW,
APPELLANT.

250 N. W. 2d 247

Filed February 9, 1977. No. 40921.

Curtis D. Morrow, pro se.

Paul L. Douglas, Attorney General, and Terry R. Schaaf, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

McCOWN, J.

This is a post conviction action. The defendant filed a motion to vacate and set aside a 3 to 5 year sentence for robbery. After a full evidentiary hearing, the District Court denied post conviction relief.

In 1974, the defendant was initially charged with one count of robbery and one count of use of a firearm in the commission of a felony. Pursuant to a plea bargain he pleaded guilty to the robbery charge and the firearm count was dismissed. He was represented by appointed counsel. The conviction and sentence on that guilty plea was affirmed by this court in State v. Morrow, 194 Neb. 591, 234 N. W. 2d 211.

Defendant essentially contends that he was denied effective assistance of counsel because his counsel was aware of a potential defense but failed to investigate it. The evidence establishes that the robbery of the service station for which the defendant was convicted was actually carried out by some of defendant's companions who used the defendant's car while the defendant was in the back seat under a blanket. The defendant permitted his car to be used, knew the robbery was planned, and was physically present when it occurred. He knew one of his companions had a gun,

and after the robbery was committed, he accepted a portion of the proceeds.

Defendant apparently believes that because he objected to the planned robbery before its occurrence and took no active part in the robbery, he had a valid defense and the failure of his counsel to investigate and confirm those facts constituted ineffective assistance of counsel. He is wrong on both counts.

Section 28-201, R. R. S. 1943, provides: "Whoever aids, abets or procures another to commit any offense may be prosecuted and punished as if he were the principal offender." The conceded facts here are more than sufficient to constitute aiding and abetting. The evidence fails to establish any ineffective assistance of counsel.

The judgment of the District Court was correct and is affirmed.

AFFIRMED.