**John Leonard BENSON, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 76–1775.**

United States Court of Appeals, Eighth Circuit.

Submitted March 9, 1977.

Decided March 22, 1977.

Robert L. Fanter, Des Moines, Iowa, on brief for appellant.

George H. Perry, U.S. Atty. and John M. Fitzgibbons, Asst. U.S. Atty., Des Moines, Iowa, on brief for appellee.

Before HEANEY, ROSS and HENLEY, Circuit Judges.

PER CURIAM.

John Leonard Benson appeals from the District Court's denial of his motion to vacate his sentence pursuant to 28 U.S.C. § 2255. That sentence was imposed in 1975 after Benson pled guilty to one count of armed bank robbery in violation of 18 U.S.C. § 2113(d). We affirm.

In December of 1974, a white male driving a red-orange Volkswagen robbed the federally insured Jackson State Bank and Trust in Maquoketa, Iowa. Only one employee was present in the bank when the robber entered, revealed a gun and ordered the employee to place all the money in the cash drawer and vault in a plaid case the robber was carrying. Included in this money were $1,000 of marked bills, so marked by the bank to later identify any stolen amounts. The employee complied with the demands, was then tied up and the robber left.

Across the street from the bank is a bar. Two persons in the bar had observed the robber coming and going from the bank. Because these people were suspicious of this person's activity, they took down the license plate number of the Volkswagen.

The bank employee freed herself and called the police. The descriptions of the robber, the plaid case and the Volkswagen given by the employee and the bar patrons were soon broadcast on the police radio. An Iowa Highway Patrol Officer then observed a red-orange Volkswagen driven by a white male and having no other occupants traveling away from Maquoketa. The officer had the driver, Benson, pull over. Although the license plates were now different from those reported by the witnesses to the bank robbery, a plaid case was lying on the back seat of the Volkswagen and a handgun was visible on the floor in front of the driver's seat. The broadcast had described the robber's hair and the cap he was wearing. A wig and a cap meeting that description were lying on the front seat of the Volkswagen.

Benson was arrested, given *Miranda* warnings, gave written consent for the officers to search the Volkswagen wherein the officers found the marked bills from the bank and Benson confessed to robbing the bank.

Benson raises two issues to support his claim, the first being that he was denied effective assistance of counsel and, second, that there was not a factual basis to support his guilty plea.

## INEFFECTIVE ASSISTANCE OF COUNSEL

■ To sustain his allegation of ineffective assistance of counsel, Benson must show that his attorney failed to exercise the customary skills and diligence that a reasonably competent attorney would perform under similar circumstances and that Benson was prejudiced thereby. *Pinnell v. Cauthron*, 540 F.2d 938 (8th Cir. 1976); *United States v. Easter*, 539 F.2d 663, 666 (8th Cir. 1976) (Henley, J., concurring).

■ Benson argues that because his attorney failed to interview the witnesses and failed to investigate the case to a greater extent than reading the files of the prosecuting attorney, he was prejudiced. Ordinarily, a reasonably competent attorney conducts an in-depth investigation of the case, including independent interviewing of witnesses; but on the basis of the record presented to us, it does not appear that a reasonably competent attorney would have done more than was done here. Benson signed a consent form authorizing the officers to search his car. He confessed to the crime after he was given proper warnings. Benson has a college education and his attorney discussed with him the possibility of suppressing evidence or confessions which were illegally obtained. Benson made no claim that the confession was not a voluntary one. Benson decided to go ahead and enter a plea of guilty.

Benson makes no substantial argument that a more diligent investigation by his attorney would have provided any information beneficial to Benson's case. From our study of the record, we conclude the government's argument that the stop, arrest, search, seizure and confession were all legally obtained is a sound one. *See United States v. Bailey*, 547 F.2d 68 (8th Cir. 1976); *United States v. Powless*, 546 F.2d 792 (8th Cir. 1977); *United States v. Wood*, 545 F.2d 1124 (8th Cir. 1976). The attorney advised his client of the alternatives available to him and gave his opinion as to the most beneficial alternative Benson could pursue. The facts make it obvious that any attempt to suppress evidence would have proved fruitless, and the course chosen by Benson was one that any reasonably competent attorney would have recommended given the facts in this case. We can find no reason to conclude that the attorney should have done more than he did.

## FACTUAL BASIS FOR THE GUILTY PLEA

As the second issue to support his claim, Benson argues that the District Court did not have sufficient information before it to find that there was a factual basis to support his guilty plea as required by Fed.R. Crim.P. 11(f). The court accepted Benson's plea without questioning him as to each element. The indictment was read by the United States Attorney and Benson answered affirmatively when asked if he had in fact committed each element charged. The court then asked Benson if he had done the acts which constituted the elements of the offense and Benson again replied, "Yes."

> There must be sufficient evidence in the record to enable the trial court to be satisfied that the defendant's conduct was within the ambit of conduct defined as criminal by the statute in question. [Citations omitted.]

*United States v. Hilyer*, 543 F.2d 41, 43 (8th Cir. 1976).

*See also United States v. Bradin*, 535 F.2d 1039 (8th Cir. 1976); *Meyer v. United States*, 424 F.2d 1181 (8th Cir.) (Lay, J., dissenting), *cert. denied*, 400 U.S. 853, 91 S.Ct. 92, 27 L.Ed.2d 91 (1970).

> As indicated in the 1966 Committee Note, there are at least four sources from which the court may determine "factual basis": (1) inquiry of the defendant, (2) inquiry of the prosecutor, (3) examining the presentence report, or (4) "otherwise". One example in the latter omnibus category would be the taking of testimony or consideration of documentary evidence. [Footnotes omitted.]

*Moore's Federal Practice*, Vol. 8, ¶ 11.03[3] at pp. 11–73.

*See also United States v. Lambros*, 544 F.2d 962 (8th Cir. 1976).

■ At Benson's preliminary hearing, his confession, which detailed his actions, was read into the record without objection. This record was before the court at the time the plea was taken. Benson is an intelligent, well-educated individual who could understand the language of the indictment and knew, in the light of his previous detailed confession, what he was admitting when he told the court he had committed the acts alleged in the indictment. We are

convinced that the court complied with Rule 11(f) and did have sufficient information before it to establish a factual basis for Benson's plea of guilty.

The District Court's denial of Benson's motion to vacate sentence is affirmed.