Curtis Dale MORROW, Appellee,

v.

Robert F. PARRATT, Jr., Warden, Nebraska Penal and Correctional Complex, Appellant.

No. 77-1925.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 13, 1978.

Decided April 10, 1978.

Terry R. Schaaf, Asst. Atty. Gen., Lincoln, Neb., argued, Paul L. Douglas, Atty. Gen. of Nebraska, Lincoln, Neb., on brief, for appellant.

James B. Gessford, Perry, Perry, Witthoff & Guthery, Lincoln, Neb., for appellee.

Before HEANEY and STEPHENSON, Circuit Judges, and BECKER,[*] Senior District Judge.

STEPHENSON, Circuit Judge.

This is an appeal from the district court's order[1] filed November 11, 1977, granting appellee Morrow's application for a writ of habeas corpus. We affirm.

Morrow was initially charged in 1974 in Douglas County, Nebraska, with one count of robbery and one count of use of a firearm in the commission of a felony. Pursuant to a plea bargain, Morrow entered a plea of guilty to the robbery charge and the firearm count was dismissed. The state district court sentenced Morrow to a term of three to five years imprisonment. On direct appeal Morrow asserted that other charges pending against him should not have been considered by the trial court in fixing the sentence, and that the sentence was excessive. The Nebraska Supreme Court found the appeal to be frivolous and affirmed the judgment. *State v. Morrow*, 194 Neb. 591, 234 N.W.2d 211 (1975).

Morrow then pursued a state post-conviction action in which he essentially contended that he was denied effective assistance of counsel. The state district court denied post-conviction relief and the Nebraska Supreme Court affirmed the district court's judgment. *State v. Morrow*, 197 Neb. 627, 250 N.W.2d 247 (1977).

Following the exhaustion of his state remedies, Morrow filed the instant habeas corpus action in federal district court claiming that he had been denied effective assistance of counsel in the state court proceedings. Based on the record before it, the district court concluded that Morrow had demonstrated a failure on the part of his attorney to perform a function which a reasonably competent attorney would perform. The district court further concluded that Morrow had proven he was prejudiced as a result of his attorney's inactions. The district court accordingly granted Morrow's application for a writ of habeas corpus.

"The evaluation of a habeas corpus petition alleging ineffective assistance of counsel is a two-step process in this circuit." *Rinehart v. Brewer*, 561 F.2d 126, 131 (8th Cir. 1977). First, the defendant must show that his attorney failed to exercise the customary skills and diligence that a reasonably competent attorney would perform under similar circumstances. *Benson v. United States*, 552 F.2d 223, 224 (8th Cir. 1977), *cert. denied*, 434 U.S. 851, 98 S.Ct. 164, 54 L.Ed.2d 120 (1977); *Pinnell v. Cauthron*, 540 F.2d 938, 939–40 (8th Cir. 1976); *United States v. Easter*, 539 F.2d 663, 666 (8th Cir.

---

[*] The Honorable William H. Becker, Senior United States District Judge for the Western District of Missouri, sitting by designation.

1. The Honorable Warren K. Urbom, Chief Judge, United States District Court for the District of Nebraska, ordered the petitioner released unless the State of Nebraska retries him within 90 days.

1976), *cert. denied,* 434 U.S. 844, 98 S.Ct. 145, 54 L.Ed.2d 109 (1977). Secondly the defendant must show he was materially prejudiced in the defense of his case by the actions or inactions of defense counsel.[2] *Rinehart v. Brewer, supra,* 561 F.2d at 131; *Benson v. United States, supra,* 552 F.2d at 224; *Pinnell v. Cauthron, supra,* 540 F.2d at 943; *Crimson v. United States,* 510 F.2d 356, 358 (8th Cir. 1975).

In regard to the first inquiry, the district court concluded that Morrow's attorney failed to adequately investigate the facts before advising Morrow to plead guilty. This court has recently stated that ordinarily a reasonably competent attorney will conduct an in-depth investigation of the case which includes an independent interviewing of the witnesses. *Benson v. United States, supra,* 552 F.2d at 225. In the instant case the district court found that Morrow's attorney consulted with Morrow in person three times and by telephone several additional times. Morrow's attorney further reviewed the police reports and spoke with the local prosecutor, who indicated that two of the occupants in Morrow's car who were present at the gas station robbery would testify at trial. The district court additionally found that Morrow had related to his attorney that prior to the gas station robbery he and four others were riding in his car. When the robbery at the gas station was suggested, Morrow stopped the car. When the others told him to drive into the station, he refused and moved to the back seat. Morrow told the others "they were nuts for doing it," and "told them not to do it." When the others proceeded to rob the station, Morrow hid beneath a blanket in the back seat of the car. The district court concluded that in light of the lack of evidence before it that Morrow admitted to his attorney that he intended to rob the gas station or that he rendered assistance to the others, it was incumbent upon Morrow's attorney to further investigate the facts.

■ The record is clear that Morrow's attorney failed to interview the eyewitnesses in an attempt to find evidence supporting his client's position. Furthermore, it is important to note that the parties stipulated in district court that Morrow would testify that he would not have pleaded guilty but for his attorney's advice. The district court concluded that Morrow's attorney failed to perform a function which a reasonably competent attorney would perform. Our review of the record convinces us that the district court's findings of fact are not clearly erroneous. *See Brown v. Swenson,* 487 F.2d 1236, 1240 (8th Cir. 1973), *cert. denied,* 416 U.S. 944, 94 S.Ct. 1952, 40 L.Ed.2d 296 (1974).

■ In regard to the second inquiry of the ineffective assistance claim, the district court found that Morrow was materially prejudiced by his attorney's failure to interview eyewitnesses. The district court properly noted that had Morrow decided to stand trial, a key factual issue would have centered upon Morrow's intent. With intent as a critical issue, any corroboration or lack thereof of Morrow's rendition of the robbery would be significant. The parties stipulated that if a special investigator were called as a witness, he would testify that one of the robbery participants stated that Morrow tried to "keep from being involved in the robbery before it happened." This testimony, as the district court properly recognized, would have some bearing on the question of Morrow's intent.

Furthermore, it is significant that Morrow's attorney testified in the state postconviction hearing that the fact that Morrow accepted $10 of the robbery money was the final factor which convinced him to advise Morrow to plead guilty. The district court noted that one of the robbery participants stated to the investigator that Morrow was given money by another participant as payment for a purchased car. This testimony would raise some question as to Morrow's motivation in accepting the $10.

**2.** As this court noted in *McQueen v. Swenson,* 560 F.2d 959, 961 n.4 (8th Cir. 1977), at least two circuits have held that once ineffective assistance of counsel has been established, harmless error tests do not apply. *Cooper v. Fitzharris,* 551 F.2d 1162, 1164–65 (9th Cir. 1977); *Beasley v. United States,* 491 F.2d 687, 696 (6th Cir. 1974).

In summary, the evidence described above could have been uncovered by a reasonable investigation by Morrow's attorney. Its discovery may have completely changed the defense strategy. Certainly each of the factors would have been helpful to the defense at trial as they bore directly on Morrow's intent. We conclude that the district court's finding that Morrow was materially prejudiced by his attorney's failure to interview eyewitnesses is not clearly erroneous.

Applying the standards as set out earlier, we are persuaded that as a matter of law Morrow received ineffective assistance of counsel. The district court's findings of fact which underpin this conclusion of law are not clearly erroneous. Accordingly, we affirm.

Affirmed.