**Edward James DuPREE, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 79–1030.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 11, 1979.

Decided Oct. 10, 1979.

Rehearing and Rehearing En Banc Denied Nov. 6, 1979.

**830**

Alan S. Mandel, Davidson & Schlueter, St. Louis, Mo., for appellant; Edward James Dupree, on the brief pro se.

Mitchell F. Stevens, Asst. U. S. Atty., St. Louis, Mo., for appellee; Robert D. Kingsland, U. S. Atty., St. Louis, Mo., on the brief.

Before GIBSON, Chief Judge, and HEANEY and ROSS, Circuit Judges.

PER CURIAM.

Edward James DuPree appeals from the District Court's[1] denial of his motion for habeas corpus relief under 28 U.S.C. § 2255, based upon alleged ineffective assistance of trial counsel. We affirm the denial of the motion.

DuPree, in November 1976, was found guilty and sentenced to a term of ten years' imprisonment for attempted extortion in interference with interstate commerce by threats of violence, in violation of 18 U.S.C. § 1951 (1970). We affirmed the conviction on direct appeal. *United States v. DuPree*, 553 F.2d 1189 (8th Cir. 1977).

Briefly, the facts of DuPree's conviction are as follows.[2] On July 1, 1976, DuPree entered the general offices of National Food in St. Louis and requested an employment application. At that time he asked for the location of the restroom and was directed to its location by an employee who later identified DuPree at trial. DuPree left an envelope in the restroom. The envelope contained an extortion and bomb threat letter. At trial, DuPree admitted all of the foregoing, except knowledge of the envelope's contents. Less than an hour after DuPree had deposited the envelope, National Food received a phone call directing it to search for the envelope. After examining the letter, National Food called the FBI, which set up tracers on National Food's phones. Later that evening, three additional phone calls concerning the extortion letter were received, one from an eating place, one from a bar, and one from DuPree's mother's home. Tape recordings were made of these calls.

DuPree contends that he was deprived of effective assistance of counsel as a result of his court-appointed counsel's failure to secure an independent, expert spectrographic analysis or voiceprint of the voice on the taped calls. At trial, the Government introduced lay testimony by National Food employees identifying the taped voice as that of DuPree. DuPree's trial attorney introduced testimony from defendant's sister which denied that the taped voice was that of her brother. Although DuPree's attorney did not secure a spectrographic analysis, he did elicit on cross-examination of an FBI agent that an analysis on DuPree's voice performed by the FBI had proven "inconclusive."

The standard for determining the adequacy of counsel is whether the trial counsel exercised "the customary skills and diligence that a reasonably competent attorney would perform under similar circumstances." *United States v. Easter*, 539 F.2d 663, 666 (8th Cir. 1976), *cert. denied*, 434 U.S. 844, 98 S.Ct. 145, 54 L.Ed.2d 109 (1977). There is a presumption that counsel has rendered effective assistance. *Thomas v. Wyrick*, 535 F.2d 407, 413 (8th Cir.), *cert. denied*, 429 U.S. 868, 97 S.Ct. 178, 50 L.Ed.2d 148 (1976). To overcome the presumption, appellant must show that: (1)

---

1. The Honorable John F. Nangle, United States District Judge, Eastern District of Missouri.

2. For a more complete statement, see *United States v. DuPree*, 553 F.2d 1189, 1190–91 (8th Cir. 1977).

there was a failure to perform an essential duty owned by the defense attorney to his client; and (2) that the failure prejudiced the defense. *McQueen v. Swenson*, 498 F.2d 207, 218 (8th Cir. 1974). DuPree has not met this burden.

DuPree's counsel concluded that spectrographic analysis would be inadmissible evidence in this circuit. At the time of trial, November 1976, only the United States Courts of Appeals for the Fourth and Sixth Circuits had allowed in evidence, in the discretion of the trial judge, voiceprints, *United States v. Baller*, 519 F.2d 463 (4th Cir.), *cert. denied*, 423 U.S. 1019, 96 S.Ct. 456, 46 L.Ed.2d 391 (1975); *United States v. Franks*, 511 F.2d 25, 33 (6th Cir.), *cert. denied*, 422 U.S. 1042, 95 S.Ct. 2654, 45 L.Ed.2d 693 (1975), while the District of Columbia Circuit had ruled that voiceprints were inadmissible. *United States v. McDaniel*, 176 U.S.App.D.C. 60, 64–65, 538 F.2d 408, 412–13 (D.C.Cir.1976); *United States v. Addison*, 162 U.S.App.D.C. 199, 498 F.2d 741 (D.C.Cir.1974). We had not ruled on the admissibility of spectrographic analysis,[3] but had ruled polygraph tests to be inadmissible, *United States v. Alexander*, 526 F.2d 161 (8th Cir. 1975).

At trial, DuPree's counsel chose to rely upon presenting lay testimony to rebut the identification made by National Food's employees. In addition, DuPree's counsel elicited on cross-examination the inconclusiveness of the Government's attempt to obtain a voiceprint identification. In light of these actions, we conclude that DuPree's counsel exercised the customary skills and diligence that a reasonably competent attorney would perform under similar circumstances.

At the original trial, DuPree admitted planting the threatening note. His explanation that he thought it contained LSD for a National Food employee appears lame and obviously was not believed by the jury.

He failed to produce the person he claimed gave him the note, nor could the Government find any tangible evidence that such a person existed. The evidence against DuPree was substantial and persuasive. One of the threatening calls came from his mother's home. DuPree's assertions concerning claimed timing discrepancies in the testimony of the Government's witnesses do not cast any doubt on his participation in this extortion attempt. The record discloses that his attorney made a professional and conscientious effort to present defendant's version of the facts upon which this criminal charge was based. DuPree's present contention that the failure of his court-appointed counsel to make the jury aware of claimed relevant facts relating to the timing of the extortion calls does not amount to ineffective assistance of counsel. The failure of counsel to argue as now desired by DuPree, in hindsight, did not prejudice his defense.

Affirmed.

---

3. In the interim between appellant's trial and the present appeal, we have not ruled on this issue. During this period, the United States Court of Appeals for the Second Circuit has ruled spectrographic analysis to be admissible. *United States v. Williams*, 583 F.2d 1194 (2d Cir. 1978), *cert. denied*, 439 U.S. 1117, 99 S.Ct. 1025, 59 L.Ed.2d 77 (1979). In this case, we express no opinion as to the admissibility of spectrographic analysis.