**Jesse J. FORD, Appellant,**

v.

**Robert F. PARRATT, Warden, Appellee.**

**No. 80–1561.**

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 17, 1980.

Filed Jan. 21, 1981.

Before HEANEY, ADAMS,* and STE-PHENSON, Circuit Judges.

HEANEY, Circuit Judge.

This is an appeal from an order of the United States District Court for the District of Nebraska denying the appellant's petition for a writ of habeas corpus under 28 U.S.C. § 2254. We reverse and remand with instructions.

I

Appellant Ford entered a plea of guilty to the charge of rape pursuant to a plea negotiation in which the State of Nebraska agreed to drop robbery and kidnapping charges which arose out of the same inci-

dent. The state district court sentenced Ford to an indeterminate term of not less than fifteen, nor more than twenty-five, years in the Nebraska Penal and Correctional Facility. Ford appealed the conviction to the Nebraska Supreme Court, challenging the severity of the sentence. The conviction and the district court's sentence were affirmed. *State v. Ford*, 194 Neb. 400, 231 N.W.2d 515 (1975).

Thereafter, Ford filed a motion for post conviction relief, asserting that his plea of guilty was not made voluntarily and understandingly. The state district court denied him an evidentiary hearing on his motion. He appealed this order to the Nebraska Supreme Court. The Nebraska Court vacated the order of the district court and remanded the case for a complete evidentiary hearing on Ford's motion to vacate and set aside his sentence. *State v. Ford*, 198 Neb. 376, 252 N.W.2d 643 (1977).

After a hearing, the state district court determined that his guilty plea was voluntarily and understandingly made. Ford appealed this order and it was affirmed by the Nebraska Supreme Court. *State v. Ford*, 200 Neb. 779, 265 N.W.2d 456 (1978).

On September 19, 1978, Ford filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in the United States District Court for the District of Nebraska. On June 11, 1980, the district court entered its order denying the petitioner's requested relief.

Appellant Ford argues on appeal that his guilty plea should be vacated on two separate and independent constitutional grounds: (1) that his plea was entered without effective assistance of counsel, thus it was not voluntarily and knowingly made; and (2) that the trial judge who accepted his plea did not comply with *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), thus the defendant entered his guilty plea without a full understanding of what the plea connotes and its consequences. Since we determine that

---

* The HONORABLE ARLIN M. ADAMS, United States Circuit Judge for the Third Circuit Court of Appeals, sitting by designation.

Ford's guilty plea was entered without effective assistance of counsel, we find it is unnecessary to discuss the appellant's alternative argument.

## II

For over fifteen years, it has been clear beyond doubt that a defendant pleading guilty to a felony charge has a *federal constitutional right* to the assistance of counsel. *White v. Maryland*, 373 U.S. 59, 59–60, 83 S.Ct. 1050, 1051, 10 L.Ed.2d 193 (1963); *Arsenault v. Massachusetts*, 393 U.S. 5, 6, 89 S.Ct. 35, 36, 21 L.Ed.2d 5 (1968). *See also McMann v. Richardson*, 397 U.S. 759, 771 n.14, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970); *McQueen v. Swenson*, 498 F.2d 207, 213 (8th Cir. 1974). Furthermore, as we stated in *McQueen v. Swenson, supra*, "[s]ince the days of the 'Scottsboro boys' rape case, *Powell v. Alabama*, 287 U.S. 45 [53 S.Ct. 55, 77 L.Ed. 158] (1932), it has also been accepted that a state defendant has a right not only to the timely appointment of counsel but also to the assistance of counsel whose quality of performance does not fall below a minimum level of effectiveness." *McQueen v. Swenson, supra*, 498 F.2d at 213. *See McMann v. Richardson, supra*, 397 U.S. at 771 n.14, 90 S.Ct. at 1449; *Reece v. Georgia*, 350 U.S. 85, 90, 76 S.Ct. 167, 170, 100 L.Ed. 77 (1955); *Glasser v. United States*, 315 U.S. 60, 69–70, 62 S.Ct. 457, 464, 86 L.Ed. 680 (1942).

In this Circuit, counsel fails to render effective assistance when he does not exercise the customary skills and diligence that a reasonably competent attorney would perform under similar circumstances. *See Morrow v. Parratt*, 574 F.2d 411, 412 (8th Cir. 1978); *Benson v. United States*, 552 F.2d 223, 224 (8th Cir. 1977), *cert. denied*, 434 U.S. 851, 98 S.Ct. 164, 54 L.Ed.2d 120 (1977). We evaluate a habeas corpus petition alleging ineffective assistance of counsel through a two-step analysis. First, the petitioner must establish that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would have performed under the same set of circumstances. Second, the petitioner must show that his lawyer's ineffectiveness prejudiced him.

Here, the appellant asserts that counsel's failure to investigate an unsubstantiated rumor that his alleged rape victim was pregnant constituted ineffective assistance of counsel. We have addressed the question of how thorough an attorney's pretrial investigation must be before he may intelligently advise his client to plead guilty. In *Morrow v. Parratt, supra*, we stated that "ordinarily a reasonably competent attorney will conduct an in-depth investigation of the case which includes an independent interviewing of the witnesses." *Morrow v. Parratt, supra*, 574 F.2d at 413. *See also Benson v. United States, supra*, 552 F.2d at 225.

There is nothing in this record that indicates that the appellant's attorney engaged in *any* pretrial investigation. At the remand hearing, only one aspect of the defense attorney's investigation was broached—the rumored pregnancy. What is crystal clear from the record is that the defendant's lawyer did absolutely nothing to determine whether the rumor was true. The attorney testified at the remand hearing that the unsubstantiated rumor was communicated to the defendant the day of his arraignment; he told the defendant that "as we would go to trial we would nail it down one way or the other."

Notwithstanding the fact that the rumor was unsubstantiated, the defendant's attorney, assuming its truth, used its negative implication to persuade his client to plead guilty. The record shows that up until the morning of the arraignment, and specifically until the conversation wherein the defendant was confronted with the possibility of the victim's pregnancy, Ford had no intention to plead guilty.

The record indicates that even after the rumor was communicated to the defendant, he was disinclined to plead, reasoning that if she were pregnant, it would favor his case because he didn't impregnate her. The appellant stated at the remand hearing that in response to this reasoning, his attorney

told him "they'd give her an abortion and, looking at me, 'cause I'm black and big; big and black, the jury would automatically convict me whether I was guilty or not."[1] Thereupon, the defendant pleaded guilty to the charge of rape.[2]

We determine that when an unsubstantiated issue is deemed by both counsel and client to be significant enough to trigger the decision to plead guilty, then there arises a duty on the part of the defense counsel to obtain the specifics surrounding the key factual issue. Such a duty necessarily demands thorough investigation. We have long required that counsel be afforded the opportunity and in fact "make such *preparations for the arraignment* and trial as the facts of the case fairly demand * *." *McQueen v. Swenson, supra*, 498 F.2d at 216 (quoting *Maye v. Pescor*, 162 F.2d 641, 643 (8th Cir. 1947) (emphasis added)). Here, counsel's failure to investigate and determine the truth of the rumored pregnancy, in conjunction with his using the rumor to persuade Ford to plead guilty, constitutes failure to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances.

We disagree with the court below that the appellant was not prejudiced by his counsel's failure to adequately investigate the rumored pregnancy. In *McQueen v. Swenson, supra*, we stated that the prejudice element in a habeas analysis is necessary "because the failure to investigate—though a constitutional error—might in certain circumstances be a 'harmless' one and hence would not justify habeas corpus re-

lief." *Id.*, 498 F.2d at 218. Within a trial context, in order to secure habeas corpus relief, the petitioner must show that the ineffective assistance of counsel prejudiced his ability to prepare a defense. *Id.* at 220. *See DuPree v. United States*, 606 F.2d 829, 831 (8th Cir. 1979), *cert. denied*, 445 U.S. 919, 100 S.Ct. 1284, 63 L.Ed.2d 605 (1980); *United States v. Easter*, 539 F.2d 663, 666 (8th Cir. 1976).

■ Within the context of an arraignment hearing, however, where the defendant enters a guilty plea, the issue of prejudice necessarily centers upon whether the attorney's failure to competently investigate any material facts prejudiced the defendant's ability to make an intelligent and voluntary plea of guilty. We feel that in this case, counsel's failure to substantiate the rumored pregnancy and his using the rumor as a tool to force the defendant to plead guilty prejudiced Ford's ability to make an intelligent and knowing decision. The resulting prejudice was not "harmless."[3]

### III

■ The appellee contends that the Supreme Court's decision in *McMann v. Richardson, supra*, compels us to affirm the order of the district court denying the appellant's habeas corpus petition. We disagree. *McMann v. Richardson, supra*, and its two companion cases, *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *Parker v. North Carolina*, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970), are generally known as the *Brady* trilogy. All three cases dealt with the

1. The defendant's lawyer testified at the remand hearing that he could not recall making the statement; he said he did not think he made the statement because, looking at the defendant the afternoon of the remand hearing, he didn't appear to be that large. This is hardly an effective denial.

2. At the remand hearing, on appeal to the Nebraska Supreme Court, and before the federal district court, the appellant urged that his plea was induced by a promise of a two-year sentence and the threat of five fifty-year sentences running back to back if the guilty plea was not entered. The appellant has not forcefully ar-

gued this position on appeal and we determine that it is unnecessary to address it here.

3. Although the offense with which Ford is charged is alleged to have occurred in July, 1974, there is nothing in the record to indicate, and the appellee has never argued, that the state will be prejudiced in any way if the matter were to be set for trial at this time. Furthermore, the record does not establish that the evidence against the defendant is so overwhelming that the state was certain to obtain a conviction.

effect of a guilty plea on the later assertion of claimed violations of certain constitutional rights.

In *Brady v. United States, supra,* the Court ruled that an otherwise valid guilty plea to a violation of the Federal Kidnapping Act was voluntarily and knowingly entered notwithstanding the fact that what motivated the plea was the defendant's decision to avoid the death penalty. Although the death penalty provision in the statute was invalidated on constitutional grounds, the plea was nevertheless not susceptible to collateral attack. *Brady v. United States, supra,* 397 U.S. at 751, 90 S.Ct. at 1470. In *Parker v. North Carolina, supra,* the Court determined that an otherwise valid guilty plea to first degree burglary was not subject to attack on the basis that his coerced confession to the crime was received unconstitutionally and was, therefore, actually inadmissible. The defendant argued that since his confession was the primary motivating factor in his decision to plead guilty, necessarily his plea was tainted. The Court disagreed, citing *McMann v. Richardson, supra. Parker v. North Carolina, supra,* 397 U.S. at 796–797, 90 S.Ct. at 1462.[4] In *McMann v. Richardson, supra,* the Court determined that a guilty plea, which was entered on reasonably competent advice of counsel, was not open to attack on the ground that counsel may have misjudged the admissibility of the defendant's confession. *McMann v. Richardson, supra,* 397 U.S. at 770, 90 S.Ct. at 1448. Finally, in *Tollett v. Henderson,* 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973), the Court ruled that when a defendant enters a guilty plea upon the reasonably competent advice of counsel, he is not automatically entitled to federal collateral relief upon the showing that the indicting grand jury was unconstitutionally selected. *Id.* at 266, 93 S.Ct. at 1607.

A careful reading of these cases reveals that the *Brady* trilogy and *Tollett,* by their own terms, do not stand as a bar to this Court's granting the appellant his requested relief here. One common thread running throughout the *Brady* trilogy and *Tollett* is that a guilty plea is not subject to attack *unless* it was made without reasonably effective assistance of counsel, or was otherwise involuntarily or unintelligently entered. *Brady v. United States, supra,* 397 U.S. at 754–756, 90 S.Ct. at 1463; *McMann v. Richardson, supra,* 397 U.S. at 770–771, 90 S.Ct. at 1458; *Parker v. North Carolina, supra,* 397 U.S. at 797–798, 90 S.Ct. at 1458; *Tollett v. Henderson, supra,* 411 U.S. at 266–268, 93 S.Ct. at 1602. Since we determine that the appellant did not secure his constitutionally required effective assistance of counsel, *Brady* and its progeny do not stand as a bar to this Court's decision to grant Ford habeas corpus relief.

Accordingly, the order of the district court denying the appellant's habeas corpus petition is reversed and remanded with instructions to the district court to order the defendant's judgment and sentence vacated. The district court shall further order the state attorney general's office, within 120 days, to either schedule the case for trial or allow the defendant to enter a proper plea of guilty.

ADAMS, Circuit Judge, dissenting.

Although I agree with the majority that ineffective assistance of counsel may vitiate a guilty plea, I believe it can only do so when there is a nexus between the alleged ineffective assistance and the guilty plea itself.

Here, the claimed ineffective assistance of counsel is that the defendant's attorney did not investigate the rumor that the prosecutrix was pregnant. Although I agree that it would have been preferable had the source of the rumor been tracked down, I

---

**4.** The defendant in *Parker v. North Carolina,* 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970), also asserted that the grand jury which indicted him was selected in such a manner that members of his race were systematically excluded. The Court determined that the ques-

tion was not timely raised and, therefore, affirmed the lower court's decision that relief was unavailable. *Parker v. North Carolina, supra,* 397 U.S. at 798, 90 S.Ct. at 1463. *See Tollett v. Henderson,* 411 U.S. 258, 266–267, 93 S.Ct. 1602, 1607–1608, 36 L.Ed.2d 235 (1973).

do not see, based on the record here, how exploring the rumor would have caused the defendant not to enter the guilty plea. Indeed, the record shows that the defendant, whether rightly or wrongly, believed that the fact of pregnancy might have helped his defense.[1]

More importantly, perhaps, the defendant did not testify at the hearing on his petition for habeas that the fact of pregnancy influenced his decision to plead guilty. In fact, he testified that the sole reason for the plea was his desire to obtain a reduced sentence. After the trial judge imposed a 15–25 year sentence penalty, the defendant's appeal to the Nebraska Supreme Court was predicated solely on the length of incarceration.

As this Court stated in *Morrow v. Parratt*, 574 F.2d 411, 412–413 (8th Cir. 1978):

> "The evaluation of a habeas corpus petition alleging ineffective assistance of counsel is a two-step process in this circuit." *Rinehart v. Brewer*, 561 F.2d 126, 131 (8th Cir. 1977). First, the defendant must show that his attorney failed to exercise the customary skills and diligence that a reasonably competent attorney would perform under similar circumstances. [Citations omitted.] Secondly, the defendant must show that he was materially prejudiced in the defense of his case by the actions or inactions of defense counsel. [Citations omitted.]

In *Morrow*, the Court specifically noted that the discovery of facts in question "may have completely changed the defense strategy." No such determination was made by the witnesses here or by the trial court, and, on the basis of the evidence, it is difficult to see how such a determination could have been made. Assuming *arguendo* that the defendant met the first step in the *Morrow* test. The absence of connection between the pregnancy rumor and his motives for pleading guilty precluded a finding of material prejudice.[2]

The opinion of this Court in *Todd v. Lockhart*, 490 F.2d 626 (8th Cir. 1974), is an effective answer to petitioner's second contention on appeal, namely, that the trial court committed reversible error in the manner in which it addressed defendant in the course of accepting his guilty plea. Although the trial court may not have recited to the defendant all of the factors bearing on accepting a plea contemplated in *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), it was fully adduced at Ford's post-conviction evidentiary hearing that his guilty plea was entered knowingly and voluntarily. Under *Todd*, this post-conviction determination cures any error the trial court may have committed.

Accordingly, and with all due respect to my distinguished colleagues, I would deny the petition for habeas corpus.

---

1. In the proceedings accompanying the guilty plea, the defendant admitted that he had had a forcible relationship with the prosecutrix.

2. Recently, in en banc decisions, two other circuits have determined that a defendant bears the burden of demonstrating that actual prejudice ensued from the alleged ineffective assistance of counsel. These courts held that the prejudice requirement is compelled by the Sixth Amendment. *United States v. Decoster*, 624 F.2d 196 (D.C.Cir.1979); *Cooper v. Fitzharris*, 586 F.2d 1325 (9th Cir. 1978) (en banc), *cert. denied*, 440 U.S. 974, 99 S.Ct. 1542, 59 L.Ed.2d 793 (1979).

Commentators have observed that *Decoster* denotes a trend toward imposing a more stringent standard on a defendant before he will be granted a new trial as a result of ineffective assistance. *See, e.g.*, Note, *A Functional Analysis of the Effective Assistance of Counsel*, 80 Colum.L.Rev. 1053 (1980); Comment, *Defendant Must Prove Counsel's Serious Incompetence and Likelihood that Such Incompetence Had an Effect on the Outcome*—United States v. Decoster, 53 Temp.L.Q. 193 (1980).