Charles CHRISTIAN, Appellant,

v.

Vernon HOUSEWRIGHT, Director,
Arkansas Department of
Correction, Appellee.

No. 82–1942.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 13, 1983.

Decided Nov. 16, 1983.

As Amended Dec. 1, 1983.

A. Wayne Davis, Little Rock, Ark., for appellant.

Steve Clark, Atty. Gen. by Arnold M. Jochums, Asst. Atty. Gen., Little Rock, Ark., for appellee.

Before HEANEY, ROSS and JOHN R. GIBSON, Circuit Judges.

ROSS, Circuit Judge.

This action is before the court on appeal by Charles Thomas Christian from the district court's [1] denial of his petition for a writ of habeas corpus made pursuant to 28 U.S.C. § 2254. For the reasons stated herein, we affirm the judgment of the district court.

*Facts*

Charles Thomas Christian and Kenneth Wayne Johnson were jointly charged with grand larceny of a shotgun in the Circuit Court of Sebastian County, Arkansas, on May 22, 1975. The appellant was additionally charged under the Arkansas Habitual Criminal Act in effect at the time of the alleged crime, ARK.STAT.ANN. § 43–2328 (Repealed 1976). The chief deputy public

1. The Honorable William R. Overton, United States District Judge for the Eastern District of Arkansas.

defender, Hubert Graves, was appointed to represent both defendants.

Trial was held on August 20, 1975. Witnesses for the state testified that Mr. and Mrs. Self operated a service station, and that Mr. Self kept a shotgun at the station. On May 17, 1975, Mr. Rollett, an employee at the station, saw one of the defendants take the shotgun. The police were called and the shotgun was found in the trunk of the appellant's car.

Johnson testified in his own behalf that he went to the service station with the appellant for the purpose of having appellant's car tuned up. He denied any knowledge of how the gun got into the trunk of the car.

The appellant testified in his own behalf that he did not take the shotgun. He also testified that on June 15, 1973, he was convicted of grand larceny and two burglaries, and that he was later convicted of carrying a weapon on an aircraft. On cross-examination he admitted that he also had a prior conviction for robbery with a firearm.

At the close of all the evidence, out of the hearing of the jury, petitioner's counsel made the following statement to the court:

Your Honor, what we would like to do is stipulate three prior convictions by which Charles Christian was sentenced to the penitentiary and, therefore, request that the jury only go out one time to decide both his guilt or innocence and assess the punishment.

The court inquired of the appellant whether he agreed with the statement of his counsel and he responded affirmatively.

Thereafter, the jury returned a verdict finding the appellant guilty and sentencing him to 27½ years in prison pursuant to the Habitual Criminal Statute.[2]

Christian appealed his conviction to the Arkansas Supreme Court. The conviction was affirmed in an unpublished opinion. Thereafter, appellant sought the habeas relief which forms the basis of this appeal.

Christian raises three issues on appeal. First, whether he was prejudiced by the court's failure to include a limiting instruction regarding the use of the prior convictions once the bifurcated trial procedures were waived.[3] Second, whether the deci-

2. ARK.STAT.ANN. § 43–2328 provides:
**Second or subsequent convictions—Sentence.**—Any person convicted of an offense, which is punishable by imprisonment in the penitentiary, who shall subsequently be convicted of another such offense, shall be punished as follows:
(1) If the second offense is such that, upon a first conviction, the offender could be punished by imprisonment for a term less than his natural life, then the sentence to imprisonment shall be for a determinate term not less than one (1) year more than the minimum sentence provided by law for a first conviction of the offense for which the defendant is being tried, and not more than the maximum sentence provided by law for this offense, unless the maximum sentence is less than the minimum sentence plus one [1] year, in which case the longer term shall govern.
(2) If the third offense is such that, upon a first conviction, the offender could be punished by imprisonment for a term less than his natural life, then the person shall be sentenced to imprisonment for a determinate term not less than three (3) years more than the minimum sentence provided by law for a first conviction of the offense for which the defendant is being tried, and not more than

the maximum sentence provided by law for the offense, unless the maximum sentence is less than the minimum sentence plus three (3) years, in which case the longer term shall govern.
(3) If the fourth or subsequent offense is such that, upon a first conviction, the offender could be punished by imprisonment for a term less than his natural life, then the person shall be sentenced to imprisonment for the fourth or subsequent offense for a determinate term not less than the maximum sentence provided by law for a first conviction of the offense for which the defendant is being tried, and not more than one and one half (1½) times the maximum sentence provided by law for a first conviction; provided, that any person convicted of a fourth or subsequent offense shall be sentenced to imprisonment for not less than five (5) years.

3. The Arkansas Habitual Criminal Act allows for a bifurcated trial. ARK.STAT.ANN. § 43–2330.1 provides:
**Trial procedure for habitual criminals.**—The following trial procedure shall be adhered to in cases involving habitual criminals:
(1) The jury shall first hear all of the evidence pertaining to the current charge

sion to stipulate to the prior convictions and waive the bifurcated trial amounted to ineffective assistance of counsel. Third, whether an actual conflict of interest existed due to the public defender's representation of Christian and his codefendant.

### A. Limited Instruction Regarding Prior Convictions

■ Christian contends that a limiting instruction should have been given with respect to the stipulation regarding his prior convictions. The basis of his contention is that the stipulation was made only for the purpose of sentence determination under the recidivist statute, and was not to be determinative of guilt or innocence on the substantive charge.

We agree that the trial court erred by failing to include a limiting instruction as to the use of the stipulation. However, in view of the strength of the case against appellant, we hold that the court's error was harmless. See FED.R.CRIM.P. 52(a); United States v. Bell, 573 F.2d 1040, 1045 (8th Cir.1978).[4]

### B. Ineffective Assistance of Counsel

Appellant's next contention is that he was denied effective assistance of counsel, because of his trial counsel's stipulation to the prior felony convictions. The sixth amendment to the United States Constitution guarantees that "In all criminal prose-

cutions, the accused shall enjoy the right * * * to have the Assistance of Counsel for his defense." U.S.CONST. amend. VI.

The district court evaluated appellant's sixth amendment claim in light of the standard set forth in Ford v. Parratt, 638 F.2d 1115 (8th Cir.), vacated on other grounds, 454 U.S. 934, 102 S.Ct. 467, 70 L.Ed.2d 242 (1981). In that case we stated:

> In this Circuit, counsel fails to render effective assistance when he does not exercise the customary skills and diligence that a reasonably competent attorney would perform under similar circumstances. See Morrow v. Parratt, 574 F.2d 411, 412 (8th Cir.1978); Benson v. United States, 552 F.2d 223, 224 (8th Cir.1977), cert. denied, 434 U.S. 851, 98 S.Ct. 164, 54 L.Ed.2d 120 (1977). We evaluate a habeas corpus petition alleging ineffective assistance of counsel through a two-step analysis. First, the petitioner must establish that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would have performed under the same set of circumstances. Second, the petitioner must show that his lawyer's ineffectiveness prejudiced him.

638 F.2d at 1117.[5]

■ Testimony was received on this issue in an evidentiary hearing in the district court. The evidence shows that Mr. Graves

---

4. In Spencer v. Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967) the Supreme Court, in discussing a one stage trial, stated that "the defendants' interests are protected by limiting instructions." Id. at 561, 87 S.Ct. at 652. The Sixth Circuit has interpreted this to require limiting instructions. See Murray v. Kentucky State Penitentiary, 651 F.2d 451, 453 (6th Cir. 1981). We are not convinced that Spencer mandates a limiting instruction where the failure to do so results in harmless error only.

against the defendant and shall retire to reach its verdict, as to this charge, based only upon such evidence; provided, however, that nothing herein shall prohibit cross-examination of a defendant as to previous convictions when the defendant takes the stand in his own defense.

(2) If the defendant is found guilty, the same jury shall sit again and hear evidence of defendant's prior conviction(s). Provided, that the defendant shall have the right to deny the existence of any prior conviction(s), and to offer evidence in support thereof.

(3) The jury shall again retire, and if it is found that the prior conviction(s) exists, or if the defendant admits such previous conviction(s), then the prior conviction(s) shall be considered in fixing the punishment for the current offense for which the defendant has been convicted in accordance with Section 1 [§ 43–2328] hereof.

5. Although Ford was vacated and remanded on other grounds, the two-step analysis espoused therein continues to be the law in this circuit. See, e.g., Pickens v. Lockhart, 714 F.2d 1455, 1459–60 (8th Cir.1983); Hawkman v. Parratt, 661 F.2d 1161, 1165 (8th Cir.1981). Therefore, the district court's reliance on the standards set forth in Ford was correct.

had represented the appellant on previous occasions and knew he had prior felony convictions. Graves believed the state would be able to prove the prior felony convictions, therefore, he explained to the appellant that nothing was to be gained from having a bifurcated trial and asked his permission to waive the procedure. Based upon his experience, Mr. Graves felt that the jury was likely to give a shorter sentence if they decided a defendant's guilt or innocence, of a relatively minor offense, at the same time as they decided the sentence. The strategy of trial counsel did not work in this case, but that is not to say that it was improvident or denied appellant effective assistance of counsel. *See United States v. Rhoads,* 617 F.2d 1313, 1319 (8th Cir.1980). This court does not second-guess a defense counsel's plausible trial tactics. *See Adail v. Wyrick,* 671 F.2d 1218, 1220 (8th Cir.1982). *See also Parker v. Parratt,* 662 F.2d 479, 484 n. 3 (8th Cir.1981), *cert. denied* —— U.S. ——, 103 S.Ct. 102, 74 L.Ed.2d 91 (1982).

The appellant did not establish that defense counsel failed to perform an essential duty owed thereby prejudicing the defense, or that counsel was incompetent.

C. *Conflicting Interests*

▪ Appellant's final contention is that he was denied effective assistance of counsel because the joint representation of the appellant and his codefendant created a conflict of interests for Mr. Graves.

In *Parker v. Parratt, supra,* this court addressed a sixth amendment conflict of interest argument similar to that presented here. We noted that joint representation of codefendants is not a *per se* violation of the constitutional guarantee to the effective assistance of counsel. *Id.* at 483. Relying on the Supreme Court's decision in *Cuyler v. Sullivan,* 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980), we stated at page 483:

[A] defendant who shows that a conflict of interest actually affected the adequacy

of his representation need not demonstrate prejudice in order to obtain relief. See *Holloway, supra,* [435 U.S.] at [475] 487–491 [98 S.Ct. 1173 at 1180–1182, 55 L.Ed.2d 426]. But until a defendant shows that his counsel actively represented conflicting interests, he has not established the constitutional predicate for his claim of ineffective assistance. See *Glasser, supra* [315 U.S.] at [60] 72–75 [62 S.Ct. 457 at 465–467, 86 L.Ed. 680].

446 U.S. at 349–50, 100 S.Ct. at 1719 (footnote omitted).

The Court concluded by reiterating the controlling standard:

We hold that the possibility of conflict is insufficient to impugn a criminal conviction. In order to demonstrate a violation of his Sixth Amendment rights, *a defendant must establish that an actual conflict of interest adversely affected his lawyer's performance.*

446 U.S. at 350, 100 S.Ct. at 1719 (emphasis added).

We went on to hold that a two-step test must be met in a case of conflicting interests. A defendant must establish: "(1) actual conflict of interest; and (2) adverse effect on the lawyer's representation." *Parker v. Parratt,* 662 F.2d at 484. Applying this test appellant's claim is without merit, as no actual conflict was shown to have existed.

At trial neither the appellant nor his codefendant attempted to shift the blame to the other.[6] In fact, both defendants denied any knowledge of the stolen shotgun or how it got into the car. The district court's finding that the appellant had not shown an actual conflict is supported by the evidence in the record, therefore, this claim is without merit. *See Smith v. Brewer,* 577 F.2d 466 (8th Cir.), *cert. denied,* 439 U.S. 967, 99 S.Ct. 457, 58 L.Ed.2d 426 (1978).

For the reasons mentioned above the order of the district court is affirmed.

---

**6.** At a prior evidentiary hearing inconsistent positions were taken by the codefendants, however no prejudice resulted as they did not assert those positions at trial.