George JOHNSON, Appellant,

v.

James MABRY, Commissioner, Arkansas Department of Correction, Appellee.

No. 81–2181.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 10, 1984.

Decided Jan. 8, 1985.

Before LAY, Chief Judge, and McMILLI-AN and JOHN R. GIBSON, Circuit Judges.

McMILLIAN, Circuit Judge.

George Johnson appeals from a final order entered in the District Court[1] for the Eastern District of Arkansas dismissing his petition for writ of habeas corpus. For reversal appellant argues that the district court erred in failing to shift to the state the burden of proof on the issue of prejudice. For the reasons discussed below, we affirm the order of the district court.

The underlying facts may be stated briefly as follows. In 1970 a family returned home to discover a burglary in progress. Shots were exchanged inside the house and the daughter was killed. According to the evidence presented by the state in state criminal proceedings, appellant was one of the burglars. Appellant was charged and convicted of burglary, assault with intent to kill and murder. The murder conviction was later reversed by the state supreme court. *Johnson v. State*, 252 Ark. 1113, 482 S.W.2d 600 (1972). Before appellant's retrial, the prosecution and defense counsel conducted plea negotiations. Appellant accepted the prosecution's offer of a concurrent sentence of twenty-one years in exchange for a guilty plea to the charge of accessory after felony murder. The prosecution later withdrew the offer and appellant proceeded to trial. On the second day of trial, the state trial court declared a mistrial. The case was reset for trial. Before the case could be retried, however, appellant accepted a plea bargain and entered a guilty plea to the charge of accessory to felony murder and was sentenced to a term of twenty-one years to be served after the expiration of his sentences for the burglary and assault convictions.

Appellant later sought postconviction relief in the state courts, alleging ineffective assistance of counsel and a coerced guilty plea as grounds for relief. Relief was denied by the state courts. The state acknowledges that appellant has exhausted available state remedies. Appellant then filed a petition for writ of habeas corpus, 28 U.S.C. § 2254, alleging that (1) he did not understand the nature and consequences of the guilty plea or the proposed consecutive sentence and accepted the prosecution's plea bargain proposal only after being threatened by counsel, (2) the prosecution improperly withdrew its initial plea bargain proposal, and (3) he was denied effective assistance of counsel. Following evidentiary hearings at which appellant was present and represented by counsel, the district court adopted the recommended findings proposed by the magistrate and dismissed the petition. *Johnson v. Mabry*, No. PB–C–79–139 (E.D.Ark. Sept. 17, 1981). The district court found that appellant's mistaken understanding about whether the

1. The Honorable William R. Overton, United States District Judge for the Eastern District of Arkansas.

proposed sentence would be consecutive or concurrent was not reasonably justified, appellant's guilty plea was not induced by threats or misrepresentations made by defense counsel, and appellant failed to establish that he had been prejudiced by defense counsel's failure to interview prospective witnesses. *Id.* at 5–9.

In our first opinion in this case we perceived problems with the plea negotiations following the first trial and the prosecution's withdrawal of the initial plea bargain proposal on the grounds of mistake and reversed the order denying the petition for writ of habeas corpus, *Johnson v. Mabry*, 707 F.2d 323 (8th Cir.1983). Our decision was later reversed by the Supreme Court, *Mabry v. Johnson*, — U.S. —, 104 S.Ct. 2543, 81 L.Ed.2d 437 (1984), and in this opinion we address appellant's remaining issue on appeal.

■ Appellant argues that he did not receive effective assistance of counsel because defense counsel improperly failed to interview prospective witnesses. In order to prevail upon a claim of ineffective assistance of counsel, the petitioner must establish that counsel failed to exercise the skill and diligence that a reasonably competent attorney would exercise under similar circumstances and that he or she was prejudiced as a result of counsel's breach of professional duty. *E.g., Hawkman v. Parratt*, 661 F.2d 1161, 1165 (8th Cir.1981). The district court found that defense counsel improperly failed to attempt to locate and interview prospective witnesses Eddie Jackson, Lacey Gordon and Benny Kelly.

The district court found, however, that appellant failed to establish the second element of the ineffective assistance claim: prejudice or a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, —

U.S. —, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984).

Within a trial context, in order to secure habeas corpus relief, the petitioner must show that the ineffective assistance of counsel prejudiced his [or her] ability to prepare a defense.

Within the context of an arraignment hearing, however, where the defendant enters a guilty plea, the issue of prejudice necessarily centers upon whether the attorney's failure to competently investigate any material facts prejudiced the defendant's ability to make an intelligent and voluntary plea of guilty.

*Ford v. Parratt*, 638 F.2d 1115, 1118 (8th Cir.) (citations omitted), *vacated*, 454 U.S. 934, 102 S.Ct. 467, 70 L.Ed.2d 242 (1981) (for further consideration in light of *Sumner v. Mata*, 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981)), *aff'd on rehearing*, 673 F.2d 232 (8th Cir.) (per curiam), *cert. denied*, 459 U.S. 878, 103 S.Ct. 173, 74 L.Ed.2d 142 (1982). The district court found that appellant did not establish that his counsel's failure to interview Gordon and Kelly adversely affected his decision to accept the plea bargain proposal. Slip op. at 9.

■ We agree with this conclusion of the district court. Because we do so, it is not necessary under *Strickland v. Washington*, 104 S.Ct. at 2069–70, to review the district court's finding that counsel breached the duty to investigate.[2] Both Gordon and Kelly testified at the supplemental evidentiary hearings in federal court that although they knew appellant, they had not been with appellant on the night in question and had no personal knowledge of the burglary or the shooting. The statements of Gordon and Kelly would not have proved helpful to the defense, even if counsel had obtained them by reasonable investigation. For this reason, cases in which the undiscovered information would have been helpful to the defense are distinguishable. *See,*

---

**2.** The author would reach and affirm the district court's finding that counsel breached the duty to investigate. Appellant had given counsel the names of the three persons he was with on the night in question; interviewing these individuals, if they could have been located through reasonable effort, was crucial to the discovery of any evidence which would have supported appellant's version of the events.

*e.g., Ford v. Parratt,* 638 F.2d at 1118 (counsel's failure to substantiate rumored pregnancy of prosecutrix in rape case and use of rumor as tool to force defendant to plead guilty prejudiced defendant's ability to make intelligent and knowing decision); *Morrow v. Parratt,* 574 F.2d 411, 413–14 (8th Cir.1978) (counsel's failure to interview one of robbery participants, who had stated that defendant had tried to avoid involvement in announced robbery, prejudiced defendant's ability to decide whether to plead guilty).

With respect to Jackson, during the time counsel was investigating the case before the second trial, Jackson was an inmate of the state penitentiary. Jackson was later released on parole in 1977 and at the time of the supplemental evidentiary hearings he was wanted by state authorities for parole violation. Jackson was thus unavailable as a witness at the time of the supplemental evidentiary hearings. Appellant argues that Jackson's unavailability as a witness was a changed circumstance beyond his control that made it impossible for him to produce any helpful evidence at that time and therefore the burden of showing the absence of prejudice should have been shifted to the state. *See McQueen v. Swenson,* 498 F.2d 207, 220 (8th Cir.1974). The district court acknowledged that Jackson's unavailability as a witness was a changed circumstance beyond appellant's control but refused to shift to the state the burden of proving the absence of prejudice because it was unreasonable to assume that Jackson's testimony, if he had been available as a witness, would have been helpful to the defense. Slip op. at 9.

■ We agree. Appellant has failed to show how his decision to accept the plea bargain proposal was adversely affected by counsel's failure to interview Jackson. At most appellant argues only that if Jackson had been interviewed as a prospective witness, he, like Gordon and Kelly, might have denied any personal knowledge of the incident. Alternatively, appellant argues that if Jackson had been called as a witness at trial, he might have refused to testify on the grounds of the privilege against self-incrimination. Appellant does not argue that Jackson's "missing statement" was used by defense counsel to persuade him to accept the plea bargain, *see Ford v. Parratt,* 638 F.2d at 1118. Nor is it argued that Jackson's statement would have been as significant to the defense as the undiscovered statement in *Morrow v. Parratt,* 574 F.2d at 413, where a special investigator would ahve testified that one of the robbers stated that the defendant had tried to "keep from being involved in the robbery before it happened" and there was evidence that the defendant had told his companions not to commit the robbery and had hidden under a blanket in the backseat of the car during the robbery.

Moreover, assuming for the purposes of argument that Jackson would have made a statement supporting appellant's assertion that he did not know that Jackson intended to break into the house, it is unclear how the absence of that statement adversely affected appellant's decision to plead guilty or, alternatively, how that statement would have been helpful to the defense of the felony-murder charge. At the first trial the state presented evidence that the house had been broken into. Appellant admitted that he had been present in the house at the time of the shooting. The victim's father had positively identified appellant as the person with whom he had exchanged shots inside the house, although the fingerprints which had been lifted from the pistol fired by the burglar were not appellant's. Appellant had been advised by counsel, who had reviewed the transcript of the first trial and conducted an investigation, that he believed that appellant would be convicted again and would receive a life sentence. Under the terms of the proposed plea bargain, the prosecution offered appellant a lesser sentence of twenty-one years, to be served consecutively to his other sentences. In light of these facts, appellant has not shown a reasonable probability that, but for his counsel's failure to interview Jackson, he would not have accepted the proposed plea bargain.

We note that even if we were to agree with appellant that the district court erred in refusing to shift to the state the burden of proving the absence of prejudice, we would not hold the error was grounds for reversal. We have carefully reviewed the record and are convinced that, given the facts of the case, counsel's failure to interview Jackson did not prejudice appellant's ability to make an intelligent and voluntary plea of guilty.

Accordingly, the order of the district court is affirmed.