STATE OF NEBRASKA, APPELLEE, v. PAUL HENRY KRIDER, APPELLANT.

214 N. W. 2d 611

Filed February 7, 1974. No. 39140.

Alan Saltzman, for appellant.

Clarence A. H. Meyer, Attorney General, and Melvin K. Kammerlohr, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, and CLINTON, JJ., and FLORY, District Judge.

McCOWN, J.

This is a post conviction proceeding in which the

defendant seeks to challenge his conviction for first degree murder while in the commission of a burglary. The defendant pleaded guilty and was sentenced to life imprisonment by a three-judge court in 1964.

The defendant alleged that a confession obtained by Nebraska law enforcement officers in Phoenix, Arizona, was involuntary and that his counsel was incompetent. An extensive evidentiary hearing was held in this proceeding. At the conclusion of that hearing, the trial judge found that the defendant freely, voluntarily, knowingly, and intelligently entered his plea of guilty, and that the plea was free from any improper pressure or inducements. The trial judge also found that at all times and in all proceedings the defendant was represented by an able, competent, and experienced attorney who properly represented the defendant by giving competent and experienced counsel. Those findings are fully supported by the record.

State v. Hall, 188 Neb. 130, 195 N. W. 2d 201, is determinative here. "When counsel has advised a defendant to plead guilty, a defendant who has heeded such advice may not subsequently attack the voluntariness of a guilty plea so long as the counsel's advice was within the range of competence demanded of attorneys in criminal cases." The requirement that a guilty plea must be intelligently made is not a requirement that all advice offered by the defendant's lawyer withstand retrospective examination in a post conviction hearing.

The record here overwhelmingly establishes the competence of counsel and that the judgment of the District Court was correct in all respects.

AFFIRMED.