Paul Henry **KRIDER**, Petitioner,

v.

Charles L. **WOLFF**, Warden, Nebraska Penal and Correctional Complex, Respondent.

Civ. No. 74–L–70.

United States District Court, D. Nebraska.

Oct. 11, 1974.

Paul Henry Krider, pro se.

Mel Kammerlohr, Asst. Atty. Gen., for respondent.

## MEMORANDUM

DENNEY, District Judge.

This matter comes before the Court for decision on petitioner's application for habeas corpus. The petitioner has exhausted his state remedies via the Nebraska post conviction procedure. *See, State v. Krider,* 191 Neb. 285, 214 N.W. 2d 611 [1974].

The Court has conducted an evidentiary hearing at which petitioner testified, and the transcript and exhibits of the post conviction hearing were received into evidence.

The petitioner contends that his plea of guilty was involuntary, since he was compelled to so plead by a coerced confession. The circumstances surrounding the confession and plea are as follows. In the early morning hours of July 14, 1964, one Emma Tychsen was killed in the course of a burglary of her house near Lincoln, Nebraska. Petitioner was arrested in Phoenix, Arizona, at 11:55 P.M., on August 5, 1964, by a Lincoln, Nebraska, police officer, together with Arizona authorities. En route to the Phoenix, Arizona, police station, the arresting officers picked up Paul Douglas, the County Attorney for Lincoln, Nebraska, who was in Phoenix to aid in the apprehension of the petitioner. At 2:30 A.M. the next morning, a court reporter transcribed a full confession from

the petitioner. Exactly what transpired between arrest and confession is in dispute.

Petitioner contends that he was booked on an open charge and then was placed in an interrogation room. At this time, he was questioned regarding "what happened at Emma's house that night." Petitioner had not been advised of his *Miranda* rights, and asked to get some rest. Approximately 1½ hours after the questioning began, petitioner confessed under the questioning of the Lincoln police officer. Paul Douglas then came in and told petitioner of his right to counsel and questioned petitioner. Finally, the court reporter was brought in and petitioner's confession, together with a full disclosure of rights, was transcribed in question and answer form.

Against this factual basis, the petitioner contends that his plea of guilty was not intelligently and voluntarily given. The "Brady trilogy" is directly applicable to this case. *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 [1970]; *McMann v. Richardson*, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 [1970]; and *Parker v. N. Carolina*, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 [1970]. *See,* also, *Tollett v. Henderson*, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 [1973]. Of these, *McMann* is particularly *apropos*:

> In our view, a defendant's plea of guilty based on reasonably competent advice is an intelligent plea not open to attack on the ground that counsel may have misjudged the admissibility of the defendant's confession. Whether a plea of guilty is unintelligent and therefore vulnerable when motivated by a confession erroneously thought admissible in evidence depends as an initial matter, not on whether a court would retrospectively consider counsel's advice to be right or wrong, but on whether that advice was within the range of competence demanded of attorneys in criminal cases.

Thus, the constitutionality of the police procedure utilized to elicit petitioner's confession is not in issue in this case. Rather, it is the competency of counsel's advice on the admissibility of the confession that is in issue.

At the time of petitioner's confession and plea, confessions were admissible if made voluntarily and without coercion, based on the totality of the circumstances. The evolution of this standard is traced in *Miranda v. Arizona*, 384 U.S. 436, at 458–466, 86 S.Ct. 1602, 16 L.Ed.2d 694 [1966]. Shortly before petitioner's confession, the United States Supreme Court decided *Escobedo v. Illinois,* 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 [1964]. That case ruled confessions inadmissible where the defendant requested counsel and the request was denied. Petitioner did not request the presence of counsel at any time during his interrogation, although he was advised of his right to appointed or retained counsel.

In light of the factual and legal context stated above, the Court cannot find that the advice of petitioner's counsel was below the level of competence demanded of attorneys in criminal cases.

Petitioner also contends that he was not advised of his rights as required by Neb.Rev.Stat. § 28–401 before the plea was accepted by the court. The transcript of petitioner's arraignment indicates that petitioner was advised of: (1) The maximum sentence, (2) his right to a jury trial, (3) his right to appointed counsel. In addition, the court made inquiry into the petitioner's (1) ability to read, (2) age, (3) whether promises or threats were made, (4) the facts of the crime, (5) amount of education, and (6) opportunity to consult with counsel.

In light of these facts, the Court concludes that Neb.Rev.Stat. § 28–401 was fully complied with. The Court therefore does not reach the issue of whether this statute states a federal constitutional right that would warrant collateral

relief. Petitioner's remaining contentions are without merit.

An order in accordance with the reasons and findings herein will be filed contemporaneously herewith.