STATE OF NEBRASKA, APPELLEE, V. JESSE JAMES
FORD, APPELLANT.

265 N. W. 2d 456

Filed May 3, 1978. No. 41732.

Thomas A. Vakulskas, for appellant.

Paul L. Douglas, Attorney General, and Marilyn B. Hutchinson, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

WHITE, C. THOMAS, J.

This is an appeal from an order of the District Court denying post conviction relief to defendant following an evidentiary hearing. The District Court found that defendant's plea of guilty to a charge of rape was understandingly and voluntarily made. We affirm the decision of the District Court.

The defendant was originally charged with two counts of robbery, two of kidnapping, and one of rape. Pursuant to a plea bargain, the robbery and kidnapping charges were dropped and defendant entered a plea of guilty to the rape charge which was accepted by the court. The defendant was sentenced to a term of 15 to 25 years in the Nebraska Penal and Correctional Complex. This court upheld the sentence. State v. Ford, 194 Neb. 400, 231 N. W.

2d 515. The District Court dismissed the defendant's motion to vacate the sentence without an evidentiary hearing. This court vacated that order and remanded the cause for an evidentiary hearing. State v. Ford, 198 Neb. 376, 252 N. W. 2d 643. The appeal is from the finding pursuant to that hearing.

At the evidentiary hearing, the defendant, his wife, mother, sister, aunt, and the husband of his cousin testified that, prior to the defendant's arraignment, his attorneys had promised him a sentence of 3 to 15 years if he plead guilty to the charge of rape and a sentence of 50 years on each of the 5 charges against him if he did not. Defendant stated that he felt he would only have to serve 2 years. The attorneys who represented the defendant at his arraignment denied promising the defendant a 3 to 15 year sentence in return for his guilty plea. They testified that the defendant was fully advised of the terms of the plea bargain, i.e., a reduction of defendant's bond would not be opposed and the robbery and kidnapping charges dismissed. The attorneys testified that sentencing procedures were discussed with the defendant, but a specific sentence was not promised as part of the plea bargain.

The defendant also testified that since a possibility existed that the victim was pregnant, his guilty plea was somehow involuntary. The argument does not even merit discussion.

A defendant who has heeded the advice of his attorney to plead guilty may not subsequently attack the voluntariness of a guilty plea so long as the counsel's advice was within the range of competence demanded of attorneys in criminal cases. See State v. Hall, 188 Neb. 130, 195 N. W. 2d 201. The requirement that a guilty plea must be intelligently made is not a requirement that all advice offered by the defendant's lawyer withstand retrospective examination in a post conviction hearing. See State v. Krider, 191 Neb. 285, 214 N. W. 2d 611.

The record here establishes that the defendant was represented by competent counsel throughout the original proceedings. The finding of the District Court that the defendant's plea of guilty was understandingly and voluntarily made and not induced by threats and promises is supported by the record.

The judgment of the District Court is affirmed.

AFFIRMED.