STATE OF NEBRASKA, APPELLEE, v. JAMES R. NEWTON, APPELLANT.

275 N. W. 2d 297

Filed February 13, 1979. No. 42062.

James R. Newton, pro se.

Paul L. Douglas, Attorney General, and Sharon M. Brueggemann, for appellee.

Heard before KRIVOSHA, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

McCOWN, J.

This is a post conviction proceeding to vacate and set aside a 1974 conviction and sentence for statutory rape. The District Court denied the petitioner's motion for post conviction relief without granting an evidentiary hearing and this appeal followed.

On March 8, 1974, the petitioner was convicted by a jury of the offense of statutory rape under former section 28-408, R. R. S. 1943, now repealed. He was sentenced to imprisonment for not less than 10 nor more than 15 years. On direct appeal this court affirmed the conviction and sentence. See State v. Newton, 193 Neb. 129, 225 N. W. 2d 562.

On April 14, 1975, petitioner filed a first motion for post conviction relief. The District Court denied relief because each of the grounds for post conviction relief had been raised, argued, and presumably decided adversely to petitioner in the direct appeal. The petitioner appealed the denial of post conviction relief to this court but on May 14, 1975, dismissed the appeal on his own motion.

On March 3, 1978, petitioner again filed a motion for post conviction relief alleging, for the first time, that the statute under which he was convicted was

unconstitutional because it was vague and denied him equal protection of the law. The District Court denied the motion for post conviction relief without an evidentiary hearing and this appeal followed.

The basis of petitioner's constitutional complaint is that only males and not females could be convicted under the statute. The overwhelming weight of authority is that such a sex classification under a statutory rape statute similar to section 28-408, R. R. S. 1943, is fair and reasonable, and does not deny males the equal protection of the laws. See, State v. Witt, 310 Minn. 211, 245 N. W. 2d 612; Flores v. State, 69 Wis. 2d 509, 230 N. W. 2d 637. However, it is unnecessary to reach that issue in this case.

Since State v. Reichel, 187 Neb. 464, 191 N. W. 2d 826, this court has consistently held that after a first motion for post conviction relief has been judicially determined, any subsequent motion for post conviction relief from the same conviction and sentence may be dismissed by the District Court, unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time of filing a prior motion for post conviction relief. See, also, State v. Haskett, 194 Neb. 523, 233 N. W. 2d 782; State v. Smith, 188 Neb. 388, 196 N. W. 2d 918. The grounds relied upon by the petitioner for post conviction relief in the case now before us were available to him at the time his first post conviction motion was filed.

The judgment of the District Court was correct and is affirmed.

AFFIRMED.