Jesse J. FORD, Appellant,

v.

Robert F. PARRATT, Warden, Appellee.

No. 80–1561.

United States Court of Appeals,
Eighth Circuit.

March 15, 1982.

Before HEANEY, ADAMS *, and STEPHENSON, Circuit Judges.

---

* The HONORABLE ARLIN M. ADAMS, United States Circuit Judge for the Third Circuit Court of Appeals, sitting by designation.

PER CURIAM.

This matter is before the Court pursuant to a remand from the United States Supreme Court. In that mandate, we were asked to further consider the case in the light of *Sumner v. Mata*, 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981). We have done so and revise our opinion to permit the state court to reconsider the matter if it wishes.

Jesse J. Ford raised three issues before the United States District Court in his habeas corpus proceeding: (1) that Ford's plea of guilty was induced by threats and promises; (2) that the state trial court's failure to comply with *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), requires that the plea be vacated; and (3) that Ford was deprived of the right to effective assistance of counsel.

The district court denied relief on issue (1) stating:

Pursuant to 28 U.S.C. § 2254(d), a presumption of correctness attaches to state court determinations evidenced by a written finding after a full and fair evidentiary hearing. Once the presumption is properly invoked, the habeas petitioner bears the burden of proving by "convincing" evidence that the state court finding was erroneous. * * * In the present case, Ford does not allege any of the exceptions (42 U.S.C. § 2254(d)(1)–(8)) to invocation of the presumption of correctness and appears to have been afforded a full and fair hearing in state court. The testimony presented to the state post-conviction court was conflicting and that court's finding that no promises or threats were made to induce the guilty plea is fairly supported by the record as a whole. Accordingly, this Court holds that the state post-conviction court's finding that no promises or threats were made is entitled to a presumption of correctness and that Ford has not shown this finding to be erroneous. [Citation omitted.]

This issue was not raised on appeal.

The district court denied relief on issue (2) on the ground that the record developed at the arraignment, plea hearing and post-

conviction evidentiary hearing disclosed that Ford's guilty plea was voluntarily and knowingly entered. We did not reach the *Boykin* issue on appeal.

The state court made only a brief comment on the third issue—the alleged ineffectiveness of petitioner's counsel:

The defendant also testified that since a possibility existed that the victim was pregnant, his guilty plea was somehow involuntary. The argument does not even merit discussion.

The district court also denied relief, stating:

The principal argument presently advanced by the petitioner is that his trial attorney was ineffective in not conducting an investigation into the rumored pregnancy of the victim before allowing Ford to plead guilty to rape. * * *

In reply, the state asserts that Ford did have the effective assistance of counsel, but first contends that Ford failed to exhaust his state remedy as to this claim on the grounds now alleged.

\*　　\*　　\*　　\*　　\*　　\*

The state argues that the question of whether Ford's counsel *investigated* the rumored pregnancy was never before the state court as a reason for Ford's allegation that his counsel was ineffective. Therefore, the state maintains, Ford has not exhausted his state remedies as to that issue. * * *

\*　　\*　　\*　　\*　　\*　　\*

First, while the clear emphasis of Ford's claim in the state courts was on the alleged promises and threats made to Ford by his attorney to obtain a guilty plea, the general issue of incompetency of counsel was raised and the Nebraska Supreme Court specifically found that "the defendant was represented by competent counsel throughout the original proceedings." *State v. Ford*, 200 Neb. 779, 781, 265 N.W.2d 456, 457 (1978). Second, even if the theory of ineffective counsel presently advanced by the petitioner was not adequately presented in the state courts, no remedy is now available to the peti-

tioner in the Nebraska courts. Under Nebraska law, after a first motion for post-conviction relief has been judicially determined, a petitioner is precluded from raising in a subsequent motion for post-conviction relief any grounds which could have been raised in the first proceeding. *State v. Newton*, 202 Neb. 361, 363, 275 N.W.2d 297, 299 (1979). * * *

From the record in the instant case, it does not appear that Ford has deliberately bypassed state procedures and the state has not so alleged. The burden of pleading and proving a deliberate bypass is on the state. *Wilwording v. Swenson*, 502 F.2d 844, 849 (8th Cir. 1974), *cert. denied*, 420 U.S. 912 [95 S.Ct. 835, 42 L.Ed.2d 843] (1975). Accordingly, even if the theory of ineffective counsel presently advanced by Ford was not adequately presented to the state courts, under the circumstances of this case the exhaustion doctrine does not prevent review of that claim in this habeas proceeding.

\*    \*    \*    \*    \*    \*

[T]his appears to be a case where "the petitioner must shoulder an initial burden of showing the existence of admissible evidence which would have been uncovered by reasonable investigation and which would have proved helpful to the defendant either on cross-examination or in his case-in-chief at the original trial." *Accord, United States v. McMillian*, 606 F.2d 245, 248 (8th Cir. 1979). Here, the petitioner has not only failed to show that an investigation would have established that the victim was not pregnant, but also how the non-pregnancy of the victim would have aided him in defending the charge of rape. [Emphasis included.]

When issue (3) reached this Court, we carefully reviewed the entire record in the light of the state court's opinions, the United States District Court's opinion and 28 U.S.C. § 2254(d). We stated:

There is nothing in this record that indicates that the appellant's attorney engaged in *any* pretrial investigation. At the remand hearing, only one aspect of the defense attorney's investigation was broached—the rumored pregnancy. What is crystal clear from the record is that the defendant's lawyer did absolutely nothing to determine whether the rumor was true. The attorney testified at the remand hearing that the unsubstantiated rumor was communicated to the defendant the day of his arraignment; he told the defendant that "as we would go to trial we would nail it down one way or the other."

Notwithstanding the fact that the rumor was unsubstantiated, the defendant's attorney, assuming its truth, used its negative implication to persuade his client to plead guilty. The record shows that up until the morning of the arraignment, and specifically until the conversation wherein the defendant was confronted with the possibility of the victim's pregnancy, Ford had no intention to plead guilty.

The record indicates that even after the rumor was communicated to the defendant, he was disinclined to plead, reasoning that if she were pregnant, it would favor his case because he didn't impregnate her. The appellant stated at the remand hearing that in response to this reasoning, his attorney told him "they'd give her an abortion and, looking at me, 'cause I'm black and big; big and black, the jury would automatically convict me whether I was guilty or not." Thereupon, the defendant pleaded guilty to the charge of rape.

We determine that when an unsubstantiated issue is deemed by both counsel and client to be significant enough to trigger the decision to plead guilty, then there arises a duty on the part of the defense counsel to obtain the specifics surrounding the key factual issue. Such a duty necessarily demands thorough investigation. * * *

We disagree with the court below that the appellant was not prejudiced by his counsel's failure to adequately investigate the rumored pregnancy. In *McQueen v. Swenson*, [498 F.2d 207 (8th Cir. 1974)], we stated that the prejudice element in a

habeas analysis is necessary "because the failure to investigate—though a constitutional error—might in certain circumstances be a 'harmless' one and hence would not justify habeas corpus relief." *Id.*, 498 F.2d at 218. Within a trial context, in order to secure habeas corpus relief, the petitioner must show that the ineffective assistance of counsel prejudiced his ability to prepare a defense. *Id.* at 220. *See DuPree v. United States*, 606 F.2d 829, 831 (8th Cir. 1979), *cert. denied*, 445 U.S. 919 [100 S.Ct. 1284, 63 L.Ed.2d 605] (1980); *United States v. Easter*, 539 F.2d 663, 666 (8th Cir. 1976).

Within the context of an arraignment hearing, however, where the defendant enters a guilty plea, the issue of prejudice necessarily centers upon whether the attorney's failure to competently investigate any material facts prejudiced the defendant's ability to make an intelligent and voluntary plea of guilty. We feel that in this case, counsel's failure to substantiate the rumored pregnancy and his using the rumor as a tool to force the defendant to plead guilty prejudiced Ford's ability to make an intelligent and knowing decision. The resulting prejudice was not "harmless." [Emphasis included and footnotes omitted.]

A dissenting opinion was filed by Judge Arlin Adams. He dissented on the grounds that there was no "nexus between the alleged ineffective assistance and the guilty plea itself."

Had it not been for the Nebraska rule with respect to waiver of claims, we would have remanded the matter to the district court with directions to it to remand to the state court to give that court the opportunity to fully examine the question raised. As it was, we agreed with the district court that the state court would not reexamine the issue. We then made our decision and stated our reasons for making it—reasons which we still believe to be sound.

In sum, the district court and this Court considered the entire record and 28 U.S.C. § 2254(d) when we initially decided the matter. We have reconsidered the record and the statute, and we now specifically state that it appears from the record that the merits of the factual dispute with respect to incompetency of counsel were not resolved in the state court hearing. *See* 28 U.S.C. § 2254(d)(1).

In the event that we have misunderstood the Nebraska waiver rule, and the state court wishes to determine this issue, it will have an opportunity to do so under our order, amended to read as follows:

The order of the district court denying the appellant's habeas corpus petition is reversed and remanded with instructions to the district court to remand the matter to the state court to give that court the opportunity, if it wishes, to make specific findings and conclusions with respect to whether the appellant received effective assistance of counsel with respect to his plea of guilty and to transmit those findings to the district court within 120 days from the date that the district court enters its order of remand. If it makes such findings, the appellant can then renew his habeas motion in federal court. If not, then the United States District Court shall order the defendant's judgment and sentence vacated. The district court shall further order the state attorney general's office, within 120 days, to either schedule the case for trial or allow the defendant to enter a proper plea of guilty.

ADAMS, Circuit Judge, dissenting.

On remand from the United States Supreme Court this case presents a legal and factual situation that leads me now, just as it did when we first heard this appeal, to conclude that the order of the district court denying habeas corpus relief should be affirmed.

For the reasons set out in my dissenting opinion to the original panel decision, 638 F.2d 1115, 1119–20 (1981), I do not believe that the appellant here has demonstrated the necessary nexus between the allegedly ineffective assistance of counsel he received and his ultimate decision to plead guilty. Although the asserted defect in his attorney's conduct is the attorney's failure to

investigate a rumor that the prosecutrix was pregnant, the appellant did not introduce at the district court hearing any evidence to show that his decision to plead guilty rested in whole or in part on any belief that the prosecutrix was pregnant. Indeed, the appellant testified that he was motivated not by such a belief but by an understanding that he would receive a lighter sentence. And while the majority suggests that the appellant's attorney was "using the rumor as a tool to force the defendant to plead guilty," there is no finding that supports this assertion. Indeed, it appears clear from the testimony that the attorney carefully identified the pregnancy rumor as just that—a rumor—and stated that the rumor would have to be investigated before the case went to trial. I must, therefore, agree with the district court that even if, *arguendo*, Ford's attorney was under some duty to investigate the rumor of pregnancy, there has been no showing here that the appellant has in any way been prejudiced by his counsel's failure to investigate. Accordingly, I would affirm the district court's holding that the appellant has failed to satisfy the requisites for habeas corpus relief. *See Morrow v. Parratt*, 574 F.2d 411, 412–13 (8th Cir. 1978); *United States v. DeCoster*, 624 F.2d 196 (D.C.Cir. 1979) (en banc); *Cooper v. Fitzharris*, 586 F.2d 1325 (9th Cir. 1978) (en banc), *cert. denied*, 440 U.S. 974, 99 S.Ct. 1542, 59 L.Ed.2d 793 (1979).

The Supreme Court has directed this Court, upon remand, to consider the opinion in *Sumner v. Mata*, 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981). In *Sumner*, the Supreme Court emphasized that, in reviewing habeas corpus petitions filed under 28 U.S.C. § 2254, a federal court is bound by the factual findings made by state courts unless one of the circumstances enumerated in section 2254(d) applies. The Court went on to hold that if a district court believes that one of those enumerated circumstances is present—if, for example, "the merits of the factual dispute were not resolved in the State court hearing," or if "the appellant was * * * denied due process of law in the State court proceeding," or if the district court has reviewed the state court record and concluded that the state's factual determination "is not fairly supported by the record"—then the court must state explicitly its rationale for concluding that such a circumstance is present and cite the statutory provision upon which it relies. The Supreme Court stressed that such a statement was necessary to minimize "friction" between state and federal courts by ensuring that state court factual determinations are overturned only when those findings were clearly deficient. 449 U.S. at 543–52, 101 S.Ct. at 767–771.

In the present case, the majority's original opinion—filed on the same day as the Supreme Court filed *Sumner*—did not make explicit reference to any of the exceptions listed in section 2254(d). On remand, the majority now invokes section 2254(d)(1) and states that "the merits of the factual dispute with respect to incompetency of counsel were not resolved in the state court hearing." At 235. Because the Nebraska courts were not confronted with the explicit claim that the attorney's failure to investigate the pregnancy had constituted ineffective assistance of counsel, those courts did not make any specific finding with respect to that claim.[1] *See State v. Ford*, 200 Neb. 779, 265 N.W.2d 456 (1978). Accordingly, I cannot disagree with the majority's statement that section 2254(d)(1) applies.

---

1. Ordinarily, such a situation would indicate that the habeas petitioner had failed to exhaust available state remedies, and would require dismissal of the petition for that reason. *See* 28 U.S.C. § 2254(b). However, as the majority notes, under Nebraska law a person may not file more than one post-trial motion challenging his conviction. Ford has already completed such a challenge, and therefore would appear to be barred from any further state relief. Under the majority's order the Nebraska courts will be provided with an opportunity to hear Ford's petition if in fact they are willing to do so. If they refuse, then the exhaustion requirement for a federal habeas petition may be deemed to have been satisfied. *See Witham v. Mabry*, 596 F.2d 293, 299 n.7 (8th Cir. 1979); *Smith v. Wolff*, 506 F.2d 556, 558–60 (8th Cir. 1974).

I would note, however, that the Nebraska courts did consider factual issues quite similar to those raised in the district court. Specifically, the Nebraska courts rejected the contention that Ford's guilty plea was involuntary because it rested on a belief that the prosecutrix might have been pregnant, and at the same time concluded that Ford had been represented by competent counsel "throughout the original proceeding." *Id.* 265 S.W.2d at 457. Although the court did not make any specific finding with respect to the claim that defendant's counsel had failed to investigate the pregnancy rumor, one might reasonably infer from the Nebraska courts' conclusions that they had reviewed the record for evidence of ineffective assistance of counsel and had failed to uncover any such evidence, even though the rumor of pregnancy had been brought to the court's attention. In such a case, even where no definitive finding within the sense of section 2254(d) has been made by a state court, a federal court reviewing the same events for evidence of the same alleged violation—in this case ineffective assistance of counsel—might properly keep the state court's action in mind and conclude only hesitantly that the state court had overlooked an alleged violation that had been squarely within its field of vision.

For the reasons articulated in the opinion of the district court, and with due regard to the Nebraska courts' review of appellant's claims, and above all because the record is bereft of any evidence showing a connection between counsel's alleged failure to look into the rumor of the prosecutrix's pregnancy and the guilty plea, I respectfully dissent.