STATE OF NEBRASKA, APPELLEE, v. JESSE JAMES FORD, APPELLANT.

252 N. W. 2d 643

Filed April 20, 1977. No. 40989.

Thomas A. Vakulskas, for appellant.

Paul L. Douglas, Attorney General, and Marilyn B. Hutchinson, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

McCOWN, J.

This is a post conviction proceeding to vacate and set aside a 15 to 25 year sentence imposed against the defendant following a plea of guilty to a charge

of rape. The District Court determined that the files and records in the case showed to the satisfaction of the court that the defendant was entitled to no relief, denied an evidentiary hearing, and dismissed the motion.

The defendant, Jesse James Ford, pleaded guilty to a charge of rape pursuant to a plea bargain in which the State dismissed charges of robbery and kidnapping arising out of the same incident. He was represented by appointed counsel. The direct appeal is reported in State v. Ford, 194 Neb. 400, 231 N. W. 2d 515.

In his pro se motion for post conviction relief the defendant alleges that his guilty plea was not voluntary because his court-appointed attorney told him that he would not receive a sentence in excess of 3 to 15 years imprisonment, and that he would not serve more than 2 years on the sentence. He also alleged that he was threatened with "five (5) fifties (50) back to back"; that he was told that the rape victim was pregnant and a local jury would hang him; and that his attorney threatened to quit if he did not follow his advice.

The record establishes that at the arraignment the court asked the defendant: "Has anyone offered you anything or made any promises or threats to you to get you to plead guilty?" Before defendant had an opportunity to respond, the county attorney interrupted and proceeded to inform the court of the plea bargaining agreement which had been entered into. The agreement was that in exchange for the guilty plea the State would dismiss the robbery and kidnapping charges, and would make no recommendations at sentencing on the rape charge. Upon concluding his explanation of the plea bargain he had made with defendant's attorney, the county attorney asked the defendant if there was any other stipulation or matter which was a part of the plea bargain and the defendant responded "no." There-

after the defendant was never asked by anyone whether any promises or threats had been made to him by anyone, and at no time did the defendant ever respond to or answer such a question.

In Boykin v. Alabama, 395 U. S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274, the United States Supreme Court held that a waiver of rights cannot be presumed from a silent record and that the record must affirmatively disclose that a defendant entered his plea understandingly and voluntarily.

In State v. Turner, 186 Neb. 424, 183 N. W. 2d 763, in compliance with Boykin, this court held that the record must affirmatively disclose that the defendant entered his plea understandingly and voluntarily. Turner also held that there must be substantial compliance with the Standards Relating to Pleas of Guilty adopted by the American Bar Association as a minimum procedure in the taking of guilty pleas. Those standards require the court to "address the defendant personally and determine whether any other promises or any force or threats were used to obtain the plea." Standard 1.5, p. 8, Standards Relating to Pleas of Guilty. The record establishes that the standards were not complied with in this case. Because of the failure to affirmatively show the absence of promises or threats, the record fails to establish that the defendant entered his plea understandingly and voluntarily, and it also fails to affirmatively establish that defendant's allegations as to promises and threats do not entitle him to relief. An evidentiary hearing was necessary to determine whether or not defendant's allegations were supported by evidence that his plea was not understandingly and voluntarily entered, and that he did not have the effective assistance of counsel. In a post conviction proceeding, the files and records of the case must affirmatively establish that the prisoner is entitled to no relief or an evidentiary hearing must be granted.

The State contends that allegations as to incompetence of counsel were not sufficiently pleaded. The District Court, however, considered the issue sufficiently raised since the court found that defendant was ably and competently represented, even though the determination was made without an evidentiary hearing. The State also contends that an issue as to whether the State violated the plea bargain by making recommendations as to sentencing cannot be considered here because the issue was not presented to the District Court. In view of the disposition made here it is unnecessary to determine whether the pro se motion appropriately and properly raised these issues.

The order of the District Court dismissing the proceeding is vacated and the cause remanded with directions to grant an evidentiary hearing on defendant's motion to vacate and set aside his sentence.

ORDER DISMISSING PROCEEDING VACATED AND CAUSE REMANDED TO DISTRICT COURT FOR FURTHER PROCEEDINGS.