STATE OF NEBRASKA, APPELLEE, V. KIRK R. MAEDER, APPELLANT.
486 N.W.2d 193

Filed June 26, 1992.   No. S-91-694.

Kirk R. Maeder, pro se.

Don Stenberg, Attorney General, and Donald A. Kohtz for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

BOSLAUGH, J.

The defendant was charged with kidnapping, first degree sexual assault, and use of a firearm in the commission of a felony in connection with an incident in Sarpy County, Nebraska. Pursuant to a plea agreement, the defendant pled guilty to kidnapping and first degree sexual assault, and the firearm charge was dismissed.

The defendant was sentenced to 15 to 25 years' imprisonment on each count, with the sentences to run consecutively. The judgment was affirmed in *State v. Maeder*,

229 Neb. 568, 428 N.W.2d 180 (1988).

On June 11, 1991, the defendant, acting pro se, filed a motion for postconviction relief. He requested an evidentiary hearing and the appointment of counsel.

In his motion for postconviction relief, the defendant alleged ineffective assistance of counsel in the following particulars: (1) that his counsel, from the Sarpy County public defender's office, threatened that if defendant did not plead guilty, the trial court would add an extra 25 years to his sentence; (2) that his counsel guaranteed that if defendant pled guilty, he would receive sentences of 5 to 10 years on each charge, which sentences would run concurrently; (3) that his counsel told defendant that he had to respond yes to formal questions asked by the court at the time the plea was entered, so that the plea would be accepted; (4) that his counsel spent less than one-half hour of time with defendant during pretrial detention; (5) that his counsel denied defendant an opportunity to call witnesses, prior to sentencing, to establish his background and character; (6) that his counsel guaranteed defendant that the sentences imposed would run concurrently and that future charges from Douglas County would also run concurrently; and (7) that his counsel failed to advise defendant that he had the right to a trial.

The district court denied the defendant's request for an evidentiary hearing and the motion for postconviction relief in all respects. The district court found that all of the allegations except Nos. 4 and 7 were effectively contradicted by the trial court's questioning of the defendant with regard to his guilty plea at the time of his arraignment and with regard to his understanding of pleading guilty and the plea agreement. As to allegations Nos. 4 and 7, the district court found that the allegation regarding time spent in conference between counsel and the defendant was insufficient as a matter of law, standing alone, to raise an issue of ineffective assistance of counsel and that whether or not counsel advised the defendant of his right to trial was of no consequence because the record from the arraignment proceedings reflected that the trial court had advised the defendant of his right to trial, including advisement of how a jury is selected, impaneled, and required to decide a

case.

The defendant has assigned as error the district court's failure to grant an evidentiary hearing on the motion and the district court's denial of his motion for postconviction relief.

The defendant's third allegation, that he answered affirmatively to questions by the trial court concerning the voluntariness of his plea of guilty because he was instructed to do so by his attorney, is not effectively contradicted by the trial court's questioning of the defendant regarding the voluntariness of his guilty plea at the arraignment.

"The applicable rule is that an evidentiary hearing may properly be denied on a motion for postconviction relief when the records and files of the case affirmatively establish that the defendant is entitled to no relief." *State v. Keithley*, 238 Neb. 966, 970, 473 N.W.2d 129, 132 (1991). In this case, if the third allegation is true, the record does not conclusively establish that the defendant's guilty plea was made knowingly and voluntarily. An evidentiary hearing is required to determine the validity of the third allegation. See *State v. Ford*, 198 Neb. 376, 252 N.W.2d 643 (1977).

In *Ford*, the defendant had been convicted of sexual assault on a plea of guilty, but the record failed to show affirmatively that promises or threats had not been used to obtain the plea and failed to establish affirmatively that defendant's allegations as to promises and threats did not entitle him to postconviction relief. We held that the defendant was entitled to an evidentiary hearing for the purpose of determining whether his allegations were supported by any evidence that his plea was not understandingly and voluntarily entered and that he did not have effective assistance of counsel.

It is unnecessary to consider the defendant's other assignment of error.

The judgment is reversed, and the cause is remanded with directions to grant an evidentiary hearing on the defendant's motion for postconviction relief.

REVERSED AND REMANDED WITH DIRECTIONS.