STATE OF NEBRASKA, APPELLEE, V. CLARENCE VICTOR, APPELLANT.
494 N.W.2d 565

Filed January 29, 1993.   No. S-91-933.

J. Joseph McQuillan and Mark A. Weber, of Walentine, O'Toole, McQuillan & Gordon, for appellant.

Don Stenberg, Attorney General, and J. Kirk Brown for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

WHITE, J.

The defendant, Clarence Victor, appeals a decision of the district court for Douglas County to deny his pro se request for postconviction relief under Neb. Rev. Stat. § 29-3001 et seq. (Reissue 1989 & Cum. Supp. 1992).

Victor was convicted of first degree murder and use of a weapon to commit a felony in the 1987 death of 82-year-old Alice Singleton. Victor was sentenced to death for the murder offense and given a consecutive sentence of 20 years for the

felony weapon offense. The convictions were upheld on direct appeal. *State v. Victor*, 235 Neb. 770, 457 N.W.2d 431 (1990) (*Victor I*). The U.S. Supreme Court denied Victor's application for a writ of certiorari, *Victor v. Nebraska*, 498 U.S. 1127, 111 S. Ct. 1091, 112 L. Ed. 2d 1195 (1991), and Victor sought state postconviction relief from the district court. Victor was represented at both the trial and the appellate level by the same attorney, but was denied court-appointed counsel on his motion for postconviction relief.

Defendant sought relief from the district court based on alleged violations of the 4th, 5th, 6th, 8th, and 14th Amendments to the U.S. Constitution and alleged violations of article I, §§ 3, 9, and 13, of the Nebraska Constitution. These claims summarily contended that (1) the trial court improperly instructed the jury on the law regarding the concept of "reasonable doubt"; (2) the reweighing process for aggravating and mitigating circumstances engaged in by the Nebraska Supreme Court was unconstitutional; (3) the death penalty was improperly imposed because the aggravating circumstance in Neb. Rev. Stat. § 29-2523(1)(d) (Reissue 1989) is vague and results in an arbitrary imposition of capital punishment; (4) the sentencing panel and the Nebraska Supreme Court erroneously refused to consider defendant's inability to conform his conduct to law because of mental defect or intoxication as required by § 29-2523 (2)(g); (5) neither the sentencing panel nor the Nebraska Supreme Court compared the facts of defendant's case with other "criminal homicides" of same or similar circumstances to determine the proportionality of defendant's sentences with the results of similar cases; (6) at the sentencing hearing, the sentencing panel erroneously admitted defendant's confession to a 1964 homicide because the confession did not conform to *Miranda* requirements; (7) defendant's confession to the present homicide was not voluntary, was a product of an unlawful arrest, and was obtained without a valid waiver of his *Miranda* rights; and (8) trial and appellate counsel was ineffective in failing to raise or in improperly raising each of the aforementioned issues.

On September 17, 1991, the district court denied defendant's motion for an evidentiary hearing and simultaneously entered

an order overruling the motions for postconviction relief and vacation of sentences. After obtaining court-appointed counsel, defendant perfected this appeal. He now asserts that the district court erred in (1) refusing to grant an evidentiary hearing; (2) failing to appoint counsel to represent defendant for his motion to vacate sentences and convictions; (3) finding that defendant was not denied effective assistance of counsel; and (4) failing to retroactively apply *Cage v. Louisiana*, 498 U.S. 39, 111 S. Ct. 328, 112 L. Ed. 2d 339 (1990), with regard to the reasonable doubt jury instruction. On this appeal, defendant also argues, for the first time, the failure of previous counsel to disclose a conflict of interest in representing defendant and in failing to submit evidence in support of the pretrial motion for change of venue.

In an appeal from a denial of a motion for postconviction relief, the lower court's findings will be upheld unless clearly erroneous. *State v. Sanders*, 241 Neb. 687, 490 N.W.2d 211 (1992).

Victor first argues that he was entitled to an evidentiary hearing under § 29-3001 on the additional allegations raised in his motion to vacate sentences filed before the district court.

"An evidentiary hearing on a postconviction motion is required on an appropriate motion containing factual allegations which, if proved, constitute an infringement of the movant's rights under the Nebraska or federal Constitution." *Sanders*, 241 Neb. at 689, 490 N.W.2d at 214. See, also, *State v. Schneckloth*, 235 Neb. 853, 458 N.W.2d 185 (1990); *State v. Start*, 229 Neb. 575, 427 N.W.2d 800 (1988); *State v. Jackson*, 226 Neb. 857, 415 N.W.2d 465 (1987); *State v. Malek*, 219 Neb. 680, 365 N.W.2d 475 (1985).

Conversely, an evidentiary hearing on a motion for postconviction relief may properly be denied when the records and files of the case affirmatively establish that the defendant is not entitled to relief. *State v. Maeder*, 240 Neb. 955, 486 N.W.2d 193 (1992); *State v. Keithley*, 238 Neb. 966, 473 N.W.2d 129 (1991).

The bulk of assigned errors raised in defendant's motion for relief before the district court were previously raised on direct appeal and finally determined by this court in *Victor I*. The

record discloses that trial and appellate counsel did raise and argue the legality of Victor's confession, the constitutionality of § 29-2523(1)(d), the receipt into ·evidence of the 1964 manslaughter confession at the sentencing hearing, the determination that the aggravating circumstance found in § 29-2523(1)(d) existed and the mitigating circumstance found in § 29-2523(2)(g) did not exist, and the contention that the sentences were disproportionate and excessive.

We have repeatedly held that a motion for postconviction relief cannot be used as a substitute for an appeal or to secure a further review of issues already litigated on direct appeal. It is not the purpose of affording postconviction relief to permit the defendant endless appeals on matters already decided. See, *State v. Whitmore*, 238 Neb. 125, 469 N.W.2d 527 (1991); *State v. El-Tabech*, 234 Neb. 831, 453 N.W.2d 91 (1990). Defendant's only attempt to avoid the procedural bar of the previously raised issues is by asserting that he was denied effective assistance of counsel because trial and appellate counsel *improperly* raised these issues. However, defendant failed to advance, either in the motion before the district court or in the present appeal to this court, allegations of specific facts to support these bare conclusions. Since defendant failed to make a factual showing to indicate he was entitled to relief, the district court did not err in denying defendant an evidentiary hearing on these previously litigated issues.

Relying on the U.S. Supreme Court's decision in *Cage v. Louisiana*, 498 U.S. 39, 111 S. Ct. 328, 112 L. Ed. 2d 339 (1990), defendant further argues that the jury instruction on reasonable doubt was unconstitutional in that it confused the jury and suggested a higher degree of doubt than is required under the 14th Amendment. Subsequent to defendant's trial and appeal, this court has had the opportunity to review the constitutionality of a jury instruction identical to the one challenged here. See *State v. Morley*, 239 Neb. 141, 474 N.W.2d 660 (1991). In *Morley*, we upheld the constitutionality of the reasonable doubt language of the Nebraska jury instruction, finding the language distinguishable from that found unconstitutional by the U.S. Supreme Court in *Cage*. Therefore, whether or not trial and appellate counsel failed to

object to or appeal the jury instruction and whether or not the district court should have provided Victor the opportunity to advance this claim in an evidentiary hearing are now irrelevant, causing this assignment of error also to be without merit.

The majority of Victor's claims were raised and fully reviewable from the record on direct appeal. Defendant's contentions that counsel failed to disclose a conflict of interest and failed to submit evidence in support of the pretrial motion for change of venue were not raised before the district court and are accordingly irrelevant to the court's decision to deny an evidentiary hearing. Victor's assigned error addressing the reasonable doubt instruction was decided by our opinion in *State v. Morley, supra*, and is consequently without merit. Finding that Victor has failed to allege facts that would constitute a denial or violation of his constitutional rights causing the judgments and convictions against him to be void or voidable, we hold that the district court did not err in denying an evidentiary hearing on his postconviction motion.

In his motion for relief to the district court, defendant alleged that the Nebraska Supreme Court committed error on his direct appeal. Victor first argued that the reweighing process for aggravating and mitigating circumstances engaged in by the Nebraska Supreme Court was unconstitutional. Victor also argued that the Nebraska Supreme Court erroneously refused to consider his inability to conform his conduct to law because of mental defect or intoxication. Defendant does not now further argue or advance these previously assigned errors except, perhaps, as they arise under the alleged errors of the district court in denying an evidentiary hearing and court-appointed counsel. In the absence of a factual allegation, an initial demonstration of an extraordinary and relevant novel argument, or a reference to binding precedent not appearing in the record on direct appeal, errors of a state appellate court that are assigned for review before a state trial court in a motion for postconviction relief are without merit. Consequently, it was proper for the district court to address these errors without providing an evidentiary hearing and without appointing counsel.

When the defendant in a postconviction proceeding

alleges a violation of his constitutional right to effective assistance of counsel as a basis for relief, the standard for determining the propriety of the claim is whether the attorney, in representing the accused, performed at least as well as a lawyer with ordinary training and skill in the criminal law in the area.

*State v. Carter*, 241 Neb. 645, 650, 489 N.W.2d 846, 852 (1992). A defendant who asserts a claim of ineffective assistance of counsel and who seeks reversal of his convictions " ' "must show that (1) counsel's performance was deficient and (2) such deficient performance prejudiced the defense, that is, a demonstration of reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different." . . .' " *State v. Lyman*, 241 Neb. 911, 915, 492 N.W.2d 16, 19 (1992).

Defendant asserts that previous counsel failed to disclose a conflict of interest in the representation of defendant at both the trial and appellate level and in allegedly assisting defendant in drafting the petition for postconviction relief. Defendant also claims that trial counsel failed to submit evidence in support of the pretrial motion for change of venue.

These issues were not raised in the motion for postconviction relief filed with the district court, nor were they specifically assigned as error in defendant's brief. "Absent plain error, where an issue is raised for the first time in this court, it will be disregarded inasmuch as the court whose judgment is being reviewed cannot commit error regarding an issue never presented and submitted for disposition." *State v. Whitmore*, 238 Neb. 125, 132, 469 N.W.2d 527, 532 (1991). Additionally, when a claim of ineffective assistance of counsel has not been raised or ruled on by the trial court *and* necessitates an evidentiary hearing, the matter will not be addressed on appeal. *State v. Morley*, 239 Neb. 141, 474 N.W.2d 660 (1991).

Considering that the allegation of an undisclosed conflict of interest was not raised or ruled on by the trial court and recognizing that there is not a record to review, we will not address the matter. Nor are we able to review the claim that trial counsel failed to submit evidence in support of the pretrial motion for change of venue. The only reviewable record about

trial counsel's efforts to seek a change of venue is an inexplicit three-line notation on the criminal docket sheet. This notation merely references that a hearing was held on defendant's motion for a change of venue and that the motion was overruled after "evidence" was presented. Therefore, the ineffective assistance of counsel claim based on these two newly alleged grounds is not properly before this court.

As previously determined in the evidentiary hearing analysis, the failure of counsel to object to or appeal the reasonable doubt jury instruction is now moot in light of our decision in *State v. Morley, supra*. The claims advanced by defendant regarding whether trial and appellate counsel failed to raise, or improperly raised, issues numbered (2), (3), (4), (5), (6), and (7) in the motion filed by defendant before the district court are also without merit. Defendant failed to advance, either in the motion before the district court or in the present appeal to this court, allegations of specific facts to support a conclusion that appellate counsel improperly raised the six constitutional issues challenged here. Defendant has failed to demonstrate how counsel's performance in raising the constitutional issues on direct appeal was deficient, and defendant has not attempted to advance a theory to show how this unknown deficiency prejudiced the defense.

In sum, defendant's assertion that he was denied effective assistance of counsel for various failures by trial and appellate counsel is without merit based on the record before us.

Victor alleges that in light of his undisputed indigency, the district court erred in failing to provide him court-appointed counsel. Under § 29-3004 (Cum. Supp. 1992), a district court may appoint an attorney to represent a prisoner in all postconviction proceedings under §§ 29-3001 through 29-3004. This power is within the discretion of the district court, and failure to appoint counsel in postconviction proceedings is not error in the absence of an abuse of discretion. *State v. Wiley*, 228 Neb. 608, 423 N.W.2d 477 (1988).

Neither the Eighth Amendment nor the Due Process Clause of the federal Constitution requires states to appoint counsel for indigent death row inmates seeking state postconviction relief. See *State v. Otey*, 236 Neb. 915, 464 N.W.2d 352 (1991)

(citing *Murray v. Giarratano*, 492 U.S. 1, 109 S. Ct. 2765, 106 L. Ed. 2d 1 (1989)), *cert. denied* 498 U.S. 827, 111 S. Ct. 2279, 115 L. Ed. 2d 965. See, also, *Pennsylvania v. Finley*, 481 U.S. 551, 107 S. Ct. 1990, 95 L. Ed. 2d 539 (1987).

Victor contends, however, that since he was represented at both the initial trial and direct appeal by the same attorney, his motion for postconviction relief was his " 'first appeal as of right' " to raise an ineffective assistance of counsel claim. Brief for appellant at 23. Defendant relies on a criminal defendant's constitutional right to appointed counsel established by the U.S. Supreme Court in *Douglas v. California*, 372 U.S. 353, 83 S. Ct. 814, 9 L. Ed. 2d 811 (1963). In *Douglas*, the U.S. Supreme Court stated that "where the merits of the one and only appeal an indigent has as of right are decided without benefit of counsel, we think an unconstitutional line has been drawn between rich and poor." (Emphasis omitted.) 372 U.S. at 357. By postulating that the postconviction proceeding provided him was his one and only appeal as of right to allege ineffective assistance of counsel, Victor maintains that it was error for the district court to deny him appointed counsel to assist him in advancing these claims.

Defendant further relies on the U.S. Supreme Court's decision in *Coleman v. Thompson*, ____ U.S. ____, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991), *reh'g denied* ____ U.S. ____, 112 S. Ct. 27, 115 L. Ed. 2d 1109, to argue that the district court was constitutionally required to provide him with appointed counsel for his postconviction motion. In *Coleman*, the issue pertinent to this review was whether ineffectiveness of counsel on appeal from the state habeas trial court judgment was an independent constitutional violation to constitute cause for federal habeas relief. Noting that the prisoner could only prevail if he were constitutionally entitled to appointed counsel in state postconviction proceedings, the U.S. Supreme Court reiterated the general rule that there is no right to counsel in state collateral proceedings. The Court queried whether there should be an exception to this general rule for those cases where state collateral review is the first place a prisoner can present a challenge to his conviction. The Court declined to answer the question, however, in light of the fact that effectiveness of

counsel before the state habeas *trial* court was not at issue. Any language in the *Coleman* opinion suggesting that a state trial court collateral proceeding may be considered a prisoner's "one and only appeal" was merely a passing inquiry and provides little insight or authority to defendant's argument here. 111 S. Ct. at 2568.

The U.S. Supreme Court has consistently recognized that the states have no obligation to provide postconviction relief proceedings and that when states do so provide, due process does not require that the states supply lawyers as well. See *Pennsylvania v. Finley, supra.*

Under Nebraska case law, where the record shows that a justiciable issue of law or fact is presented to the court in a postconviction action, an indigent defendant is entitled to the appointment of counsel. *State v. Wiley, supra.* Here, however, the assigned errors in the postconviction petition before the district court were either procedurally barred or without merit, establishing that this postconviction action contains no justiciable issue of law or fact. We therefore find that it was not an abuse of discretion for the district court to deny court-appointed counsel.

Finding no merit in the assignments of error properly before this court, we affirm the decision of the district court in its entirety.

AFFIRMED.