655 A.2d 973

STATE OF NEW JERSEY, PLAINTIFF,
v. CARLOS RIVERA, DEFENDANT.

Superior Court of New Jersey
Law Division Bergen County

Decided November 9, 1994.

*Edward Jerejian* for defendant.

*John J. Fahy,* Bergen County Prosecutor, for plaintiff (*James Santulli,* Assistant Prosecutor, of counsel and on the brief).

MOSES, P.J.S.C.

The defendant's petition for post conviction relief raises several constitutional claims. Defendant's attorney challenges the constitutionality of the reasonable doubt charge used at trial and asserts defendant was denied effective assistance of counsel on appeal, due to his counsel's failure to raise constitutional issues related to the use at trial of defendant's silence at the time of arrest. The issue surrounding the reasonable doubt charge is one of first impression in New Jersey, requiring the application of the United

States Supreme Court's recent opinion in *Victor v. Nebraska*, 511 *U.S.* ——, 114 *S.Ct.* 1239, 127 *L.Ed.*2d 583 (1994).

The defendant also raises two arguments *pro se;* that it was reversible error for the court to have informed the jury that a co-defendant pled guilty, and that he was denied due process and a fair trial when the State referred to a co-defendant's statement to investigators.

For purposes of publication, the Court only includes that portion of its decision dealing with the constitutionality of the reasonable doubt charge used at trial.

The defendant challenges the constitutionality of the following reasonable doubt charge used at trial. This court charged:

The third legal concept is that of reasonable doubt. And, I've mentioned reasonable doubt in regard to the presumption of innocence and the burden of proof and its very important that you understand the meaning of the term. What is reasonable doubt? It is a doubt that is based on a reason which can rise out of the evidence or a lack of evidence in this case. However, it is not a doubt that is based on guess work. It is not a doubt based on speculation. It is not a possible doubt or an imaginary doubt because, as each of you knows, everything relating to human affairs or depending upon oral, spoken evidence, is subject to some possible or imaginary doubt.

The law does not require that you have to be absolutely certain of the guilt of the defendants. The law does require moral certainty. To meet the requirements of finding either defendant because, you know, you have to consider them individually and separately, to meet the requirements of finding any defendant guilty beyond a reasonable doubt you would have to have an abiding conviction, after an evaluation of all of the evidence in this case and you have to have that abiding conviction to a moral certainty, the truth of the charge.

Now, this does not mean an absolute certainty as I pointed out. It is less, something less than arithmetic certainty such as 2 and 2 are 4. It's less than and it is something less than scientific certainty such as the sun rising every morning in the east. It is moral certainty. It is not a mere or possible doubt. But, it is a reasonable and honest uncertainty as to the guilt of either defendant which exists in your minds after you have given a full and impartial consideration to all of the credible testimony or evidence. Because, there is more to evidence than just testimony. It may arise from the evidence itself or from a lack of evidence. But, this doubt may not arise solely from sympathy or speculation. It is a doubt which a reasonable person has after carefully weighing all of the testimony or evidence.

Therefore, you must keep and review in your minds during your deliberations that the defendants are presumed innocent until proven guilty beyond a reasonable

doubt and that the State has the burden of proving each defendant's guilt beyond a reasonable doubt.

The defendant argues that the charge, combined with inflammatory remarks made by the prosecutor, worked together to dilute the constitutional protection the reasonable doubt standard affords the defendant. Specifically, the defendant asserts that those portions of the charge referring to "moral certainty" and "abiding conviction to a moral certainty" suggest a higher degree of uncertainty and doubt than is required by "proof beyond a reasonable doubt." Furthermore, reliance on "moral certainty" and similar phrases indicate to the jury that a conviction can be based on feelings and emotions, rather than on the evidence presented at trial.

The State responds that the defendant cannot take those portions of the charge related to "moral certainty" and "abiding conviction to a moral certainty" out of the context of the whole charge, especially when, in fact, other parts of the charge clearly indicate that a conviction must be based on the evidence. The State also points out that, on appeal, appellate counsel raised an issue concerning the fact that a diminished capacity charge was absent from the jury charge. Therefore, the assistant prosecutor asserts it is now inappropriate to consider an objection to what *was* included in the charge, since an issue considered on direct appeal cannot later be considered again via a post conviction application.

The State also argues that defendant's objection is procedurally barred, relying on *R.* 1:7-2; "[n]o party may urge as error any portion of the charge to the jury or omissions therefrom unless he objects thereto before the jury retires to consider its verdict. . . ." While the court does not dispute the applicability of this rule at trial, in the context of this proceeding, it must be read in conjunction with those rules that deal specifically with post-conviction relief petitions.

*R.* 3:22-2 provides four grounds on which a petition for post-conviction relief may be based. Particularly applicable to this

petition is *R.* 3:22–2(a), "substantial denial in the conviction pro-
ceedings of defendant's rights under the Constitution of the
United States or the Constitution or laws of the State of New
Jersey."

However, even claims of this magnitude may be barred, pursu-
ant to *R.* 3:22–4, if they could have been, but were not raised, in a
prior proceeding, unless one of the three following exceptions
applies.

(a) that the ground for relief not previously asserted could not reasonably have
been raised in any prior proceeding; or (b) that enforcement of the bar would
result in fundamental injustice; or (c) that denial of relief would be contrary to the
Constitution of the United States or the State of New Jersey.

[*R.* 3:22–4.]

Regarding the first exception, our Supreme Court has said:

Th[is] exception sets an objective standard: for the petitioner merely to state that
the ground had not occurred to him or her is not enough; the claim must be one
that a reasonable attorney, aware of the relevant facts and law, could not
reasonably have raised.

[*State v. Mitchell,* 126 *N.J.* 565, 585, 601 *A.*2d 198 (1992).]

In the case at hand, defendant argues that case law decided
after his conviction raises questions about the constitutionality of
the reasonable doubt charge, and, at the time of his brief, the
retroactivity of these decisions had not yet been decided.

■ It is the opinion of this court that defendant has satisfied
the requirements of both *R.* 3:22–2(a) and *R.* 3:22–4(a). Defen-
dant's assertion that his right to a finding of guilt beyond a
reasonable doubt has been violated raises a question of substantial
constitutional import. Defendant's further assertion that the ret-
roactive application of *Victor* was an open question satisfies the
requirement that the grounds could not have been asserted in a
prior proceeding. Thus, the petition is not procedurally barred.

As to the merits of his argument, the defendant relies heavily on
*Cage v. Louisiana,* 498 *U.S.* 39, 111 *S.Ct.* 328, 112 *L.Ed.*2d 339
(1990) and *State v. Victor,* 242 *Neb.* 306, 494 *N.W.*2d 565 (1993)
and its companion case, *People v. Sandoval,* 4 *Cal.*4th 155, 14
*Cal.Rptr.*2d 342, 841 *P.*2d 862 (1992). (The latter two cases were

pending before the United States Supreme Court at the time his brief was submitted.)

In *Cage*, the Supreme Court found the following jury charge language to be a violation of the defendant's due process rights. "It must be such doubt as would give rise to a grave uncertainty, ... It is an actual substantial doubt.... What is required is not an absolute or mathematical certainty, but a moral certainty." *Supra*, 498 *U.S.* at 40, 111 *S.Ct.* at 329, 112 *L.Ed.*2d at 342. The Court held that the charge could have allowed for a finding of guilt based on a degree of proof less than that required by the reasonable doubt standard.

The defendant concedes that the *Cage* Court did not specifically address the "moral certainty" issue in the context of the reasonable doubt standard. Rather, the Court focused on "grave uncertainty" and "substantial doubt" as the phrases which were problematic in the context of reasonable doubt. The Supreme Court's concern over the use of "moral certainty" was that it did not reflect the need for evidentiary certainty in order to convict. *Id.* at 39–41, 111 *S.Ct.* at 329–30.

The Supreme Court has now decided *Victor v. Nebraska, supra,* and *Sandoval v. California,* in one opinion, 511 *U.S.* ——, 114 *S.Ct.* 1239, 127 *L.Ed.*2d 583 (1994). In *Sandoval,* the defendant primarily objected to the use of the terms "moral evidence" and "moral certainty" in the reasonable doubt charge, the first of which was not used in the case at bar. While the Court found no problem with the term "moral evidence," it expressed more concern about the use of "moral certainty," accepting Sandoval's premise that, standing alone, the terms might not be interpreted by a jury as a synonym for proof beyond a reasonable doubt. *Ibid.* However, the Court still declined to find the instruction unconstitutional.[1] Rather, it concluded that the linkage of "abid-

---

[1] The Court did say the following:

At the same time, however, we do not condone the use of the phrase. As modern dictionary definitions of moral certainty attest, the common mean-

ing conviction"[2] with "moral certainty" "impressed upon the fact-finder the need to reach a subjective state of near certitude of the guilt of the accused." *Id.* at ——, 114 *S.Ct.* at 1241, 127 *L.Ed.*2d at 596.

Sandoval also argued that, even if the instruction required a high level of confidence in the defendant's guilt, "a juror might be convinced to a moral certainty that the defendant is guilty even though the government has failed to *prove* his guilt beyond a reasonable doubt." *Ibid.* The Court concluded that the "moral certainty language cannot be sequestered from its surroundings" and the jury received ample instruction so there was "no reasonable likelihood that the jury would have understood moral certainty to be disassociated from the evidence in the case." *Ibid.*

The Court also upheld the charge used in defendant Victor's trial despite its use of the term "substantial doubt."[3]

---

ing of the phrase has changed since it was used in the [*Commonwealth v.*] *Webster* [59 Mass. 295 (1850)] instruction, and it may continue to do so to the point that it conflicts with the [*In re*] *Winship* [397 *U.S.* 358, 90 *S.Ct.* 1068, 25 *L.Ed.*2d 368 (1970)] standard. Indeed, the definitions of reasonable doubt most widely used in the federal courts do not contain any reference to moral certainty.... [*Id.* at ——, 114 *S.Ct.* at 1248, 127 *L.Ed.*2d 583.]

2 The Court approved of "abiding conviction" in *Hopt v. Utah*, 120 *U.S.* 430, 7 *S.Ct.* 614, 30 *L.Ed.* 708 (1887), as correctly describing the State's burden of proof.

3 "Reasonable doubt" is such a doubt as would cause a reasonable and prudent person, in one of the graver and more important transactions of life, to pause and hesitate before taking the represented facts as true and relying and acting thereon. It is such a doubt as will not permit you, after full, fair and impartial consideration of all the evidence, to have an abiding conviction, to a moral certainty, of the guilt of the accused. AT the same time, absolute or mathematical certainty is not required. You may be convinced of the truth of a fact beyond a reasonable doubt and yet be fully aware that possibly you may be mistaken. You may find an accused guilty upon the strong probabilities of the case, provided such probabilities are strong enough to exclude any doubt of his guilt that is reasonable. A reasonable doubt is an actual and substantial doubt arising from the evidence, from the facts or circumstances shown by the evidence, or from the lack of evidence on the part of the state, as distinguished

The Court agreed with defendant Victor that use of the term "substantial doubt" is problematic. However, the Court concluded that "[a]ny ambiguity ... is removed by reading the phrase in the context of the sentence in which it appears...." *Id.* at ——, 114 *S.Ct.* at 1250, 127 *L.Ed.*2d at 606. The Court distinguished the use of "substantial doubt" in *Cage* where no distinction was made between substantial doubt and "fanciful conjecture." *Ibid.* The Court acknowledged that, in *Cage* it held that "substantial" and "grave" doubt "suggest a higher degree of doubt than is required for acquittal under the reasonable doubt standard," but it did not hold in *Cage* that "reference to substantial doubt alone is sufficient to render the instruction unconstitutional" *Id.* at ——, 114 *S.Ct.* at 1256, 127 *L.Ed.*2d at 607.

Defendant Victor, like Sandoval, challenged use of the term "moral certainty."[4] On this point, the Court concluded that "instructing the jurors that they must have an abiding conviction of the defendant's guilt does much to alleviate any concerns that the phrase moral certainty might be misunderstood in the abstract." *Id.* at ——, 114 *S.Ct.* at 1250, 127 *L.Ed.*2d at 606.

There is little doubt that the charge given at defendant Rivera's trial is acceptable, based on the Supreme Court's decision in *Victor* and *Sandoval.* The instant charge does not contain the more egregious language, "substantial doubt" and "grave doubt," present in *Cage.* In *Victor,* potential problems associated with the use of "substantial doubt" were allayed by distinguishing substantial doubt from "fanciful conjecture." The charge here does not even use the problematic phrase "substantial doubt" but still distinguishes reasonable doubt from "guess work," "possible doubt" and "imaginary doubt." The instant charge clearly states

from a doubt arising from mere possibility, from bare imagination, or from fanciful conjecture.

[*Id.* at ——, 114 *S.Ct.* at 1250, 127 *L.Ed.*2d at 606.]

[4] Defendant Victor also challenged the use of the phrase, "strong probabilities", which is not present in the challenged instruction in this case.

on several occasions that a conviction must be based on the evidence. ("It is a doubt based on a reason which can rise out of the evidence or a lack of evidence in this case." "[A]fter an evaluation of all of the evidence in this case....") Finally, the charge makes the connection that the *Victor* Court found to be critical to resolving any ambiguity in the phrase "moral certainty", specifically, the link between moral certainty and an abiding conviction. ("[Y]ou would have to have an abiding conviction...." "[Y]ou have to have that abiding conviction to a moral certainty....")

The jury charge here passes constitutional muster.

For the reasons set forth in this redacted opinion, as well as for the reasons set forth in the inclusive opinion, the petition for post-conviction relief is denied in its entirety.